DAVID ESCRITT ET AL. V. PETER MICHAELSON.*

FILED APRIL 19, 1905.   No. 13,715.

1. **Appeal Bond:** VALIDITY.   A bond given in an attempted appeal to
this court from an order of the district court awarding a writ
of assistance in a mortgage foreclosure proceeding, conditioned
for the payment of rent, is valid as a contract where the obligor
has by reason of the bond retained possession of the premises
pending such appeal.   *United States Fidelity & Guaranty Co. v.
Ettenheimer,* 70 Neb. 147, followed and approved.

2. **Appealable Order.**   An appeal will lie from an order awarding a
writ of assistance in a foreclosure proceeding after the sale
has been confirmed and deed ordered, subject to the conditions
of an appeal from an order confirming the sale.

3. **Judgment:** REVERSIBLE ERROR.   The failure of the clerk, in record-
ing a judgment, to certify that certain of the defendants are
sureties, where such is the fact, is reversible error, though not
presented to the trial court.   *Blaco v. State,* 58 Neb. 557, fol-
lowed and approved.

* Rehearing allowed.   See opinion, p. 640, *post.*

ERROR to the district court for Antelope county: JOHN F. BOYD, JUDGE. *Reversed with directions.*

*E. D. Kilbourn* and *J. J. Sullivan,* for plaintiffs in error.

*Jackson & Williams* and *Field, Ricketts & Ricketts,* contra.

OLDHAM, C.

This suit had its origin in an action to foreclose a real estate mortgage instituted by Hester McLean against Charlotte McCormick and others in the district court for Antelope county, Nebraska. Pending an appeal from an order of confirmation of sale, at which plaintiff McLean was the purchaser, he transferred his interest in the land by quitclaim deed to one Michaelson. Upon an affirmance in this court of the order of confirmation, a sheriff's deed was issued to McLean. Michaelson thereafter applied for a writ of assistance against all persons claiming under the defendants in the foreclosure suit. David Escritt, one of the plaintiffs in error in this case, resisted the application of Michaelson for a writ of assistance, claiming to be a lessor and purchaser of the land without notice of the proceeding. The application of Michaelson was granted by the district court and a writ of assistance ordered, to which order and judgment Escritt excepted, and applied to the court for a supersedeas bond to stay the writ pending an appeal from the order in this court. This application was granted, the court fixing the amount of the bond at $1,000, and imposing as one of the conditions that Escritt should pay Michaelson the rents and profits of the premises while he remained in possession, in the event the order should be affirmed in the supreme court. The bond was executed with Escritt as principal, and William Randall and C. D. Gardner, the other plaintiffs in error herein, as sureties, and delivered to the clerk of the district court and duly approved by him. Escritt prose-

cuted his appeal, and the judgment of the lower court was affirmed in an opinion written by POUND, C., which is not officially reported, but may be found in 4 Neb. (Unof.) 187. After the mandate in this case had been returned to the district court, Michaelson instituted the case at bar for judgment for rents and profits of the lands during the pendency of the appeal on the supersedeas bond executed by plaintiffs in error. In the petition filed by Michaelson, he alleged the order of the district court for the possession of the real estate, the giving of the supersedeas bond for the purpose of preventing the issuance of a writ of assistance, the filing and approving of the bond, with the conditions named, the removal of the cause to the supreme court, the final determination of the cause adversely to the appellant, and that the appellant (Escritt) had remained in possession pending his appeal, and had the use and occupation of the premises, and that the reasonable value of the rents and profits for such time was $600, for which he prayed judgment against Escritt and the sureties on his supersedeas bond.

The defendants below, who are plaintiffs in error here, filed answers separately, admitting each allegation of the petition, except as to the value of the rents and profits, and denied the authority of the court to incorporate the provision in the supersedeas bond which provided for the payment of rents pending the appeal. A general demurrer was interposed to each of these answers and sustained by the district court, and the defendants refusing to further plead were adjudged to be in default. The court proceeded to hear testimony as to the value of the rents and profits of the premises pending the appeal in this court (a jury having been waived by plaintiff), and thereupon entered judgment in favor of the plaintiff in the court below in the sum of $600, jointly, against all the defendants, and omitting to find which was principal and which were sureties on the obligation. To reverse this judgment the defendants bring error to this court.

Three propositions are urged as grounds for the reversal

of the judgment of the trial court, the first being that there was no provision of law authorizing the condition in the supersedeas bond sued on which obligated the appellant to pay for rents and profits of the premises pending the appeal, and that as appellant was compelled to comply with this condition in order that he might stay the judgment of ouster, the bond could not be said to have been voluntarily entered into.

The question of the right of appeal from an order awarding a writ of assistance, after the sale is confirmed and deed ordered in a foreclosure proceeding, is not entirely free from doubt under the authorities. In *Beatty v. De Forrest,* 27 N. J. Eq. 482, it was held that, after a sale in a foreclosure suit, where the purchaser has got his deed, a writ of assistance will go *ex debito justitiæ* to put him in possession. Beeseley, C. J., in rendering the opinion said:

"In my opinion, a purchaser under a decree, having a sheriff's deed, has as much right to the assistance of the court to be put in possession, as a plaintiff in a court of law has to an execution after judgment." In this case it was held that an appeal would not lie from an order granting the writ. A different rule, however, and one nearer in conformity with the spirit of our practice has obtained in Michigan and California. In *Baker v. Pierson,* 5 Mich. 456, it was said:

"We think the appeal will lie, unless it was discretionary in the court below to grant or refuse the writ, as it might think proper. In this sense it was not discretionary; but it was discretionary in the sense in which the granting or refusing of an injunction is discretionary—that is, in a doubtful case. The discretion in all such cases is a legal discretion, to be exercised in doubtful cases only, and not where the case is clear and free from doubt. It is then a strict matter of right, which the court is as much bound to recognize and enforce as any other right of a party. The order denying the writ is a final order—one that is conclusive on the

right of the appellant; which right is, to be put in possession of the premises purchased by him at the mortgage sale, as an incident to his purchase. It is a right to the immediate possession of the premises against the parties to the foreclosure suit, and all who are bound by the decree, whether parties or not. It grows out of the decree and purchase under it, and can be enforced by the court rendering the decree, and no other court; and an order denying the writ of assistance to enforce it is a final order, touching the right, from which the purchaser may appeal to this court."

In *City of San Jose v. Fulton*, 45 Cal. 316, it was held: "The writ of assistance is a summary proceeding resorted to under the rules of chancery practice to give effect to the decree, and presupposes that the rights of the parties are only such as follow upon the decree and the sale had pursuant thereto. If, however, it appear that those rights have been changed by reason of an agreement, or alleged agreement, subsequently entered into, so that the issuance of the writ would or might work injustice, it should be withheld, and the parties remitted to the ordinary remedies afforded in the courts." In this case an appeal from a motion to vacate the order was entertained.

While the question of the right to an appeal from an order awarding the writ, after confirmation of sale is had and the deed ordered, has never been directly passed upon by this court, yet such order was reviewed on appeal in *Merrill v. Wright*, 65 Neb. 794, and the order of the district court awarding the writ was reversed. At the former hearing of the instant case, the appeal was entertained and determined on its merits. We therefore conclude that under the practice prevailing in this state an appeal may be taken from an order awarding a writ of assistance on the same conditions as it may be taken from an order confirming a sale. In sound practice the writ of assistance should never issue except on motion and notice, as intervening rights not existing between the parties to the decree might be involved, or subsequent agreements as to pos-

session might exist even between the parties to the suit which might affect the right to the writ.

Even if the filing of the bond to supersede the order was unauthorized, the question would still arise as to whether or not the plaintiff in error, having availed himself of this unauthorized relief and having filed a bond which kept him wrongfully in possession of the premises during the appeal, did not bring himself squarely within the doctrine announced by this court in the recent case of *United States Fidelity & Guaranty Co. v. Ettenheimer*, 70 Neb. 147, in which it was held:

"A bond, given in an attempted appeal in an action of forcible entry and detention, conditioned for the payment of rent, is valid as a contract, if the obligor has by reason of the bond retained possession of the premises, though the statute authorizing such appeal is afterwards held unconstitutional."

The second question relied upon is that the sustaining of the demurrer was prejudicial because the general denial with which the answers concluded fairly put in issue the amount and value of the rents and profits. The contention would have some merit in it if the default of the defendants below had operated as a confession of the amount of damages prayed for in the petition, but under section 134 of the code, plaintiff was compelled to submit proofs as to the amount of his damages, although the defendants were adjudged in default, and this he did. Consequently, defendants were not prejuiced in any manner on this account.

There is, however, a technical error in the form of the judgment in that it does not find that plaintiff in error Escritt was principal, and that Randall and Gardner were sureties on the bond. In the recent case of *Blaco v. State*, 58 Neb. 557, it was announced that the failure of the clerk in recording a judgment to certify that certain of the defendants are sureties, where such is the fact, is reversible error, though not presented to the trial court.

In conformity with this rule, we are compelled to rec-

ommend that the judgment be reversed and the cause remanded to the district court, with directions to render a judgment on the amount found, and certify therein that Escritt is principal on the bond, and Randall and Gardner are sureties thereon.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to render a judgment on the amount found, and certify therein that Escritt is principal on the bond, and Randall and Gardner are sureties thereon.

JUDGMENT ACCORDINGLY.

The following opinion on rehearing was filed February 22, 1906. *Former judgment adhered to:*

1. **Appealable Order:** SUPERSEDEAS. An order granting a writ of assistance in a foreclosure suit, after decree, sale, confirmation thereof and the execution of a sheriff's deed, directing the sheriff to put the purchaser in possession of the premises, is a final order and is appealable; but is not such an order, within the meaning of the third subdivision of section 677 of the code, as may be superseded by giving the waste bond therein provided for.

2. **Discretion of Court.** The court making such an order may, in his discretion, allow it to be superseded upon condition that the appellant give a bond for the payment of a reasonable rent for the use and occupation of the premises during the pendency of his appeal.

BARNES, J.

When this case was before us the first time the judgment of the district court was affirmed. See *Escritt v. Michaelson, ante,* p. 634, where a clear and concise statement of the facts will be found. A rehearing was allowed; the case has been heard by the court, and the question now is, shall we adhere to our former decision?

It is strenuously contended by counsel for the plaintiff

that the supersedeas bond, which is the foundation of this action, contains conditions not required by the statutes; that the district court had no right or authority to make the payment of rent one of its conditions; that all that was required to supersede the order of the district court granting the writ of assistance was to give what is commonly called a waste bond; that the order of the court requiring the bond to be conditioned for the payment of the rent rendered it void (at least as to that condition), and the judgment thereon cannot be sustained. If it be true that an order granting a writ of assistance is an order for the delivery of the possession of real estate within the meaning of the third subdivision of section 677 of the code, as it stood before the adoption of the amendment of 1903, then the plaintiff's contention is well founded. It seems to us, however, that such is not the case. The section above mentioned, as amended, reads in part as follows:

"No appeal in any case in equity now pending and undetermined, or which shall hereafter be brought shall operate as a supersedeas, unless the appellant, or appellants, shall within twenty days next after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows: * * * *Third*—When the judgment, decree, or order directs the sale or delivery of possession of real estate the bond shall be in such sum as the court, or judge thereof in vacation shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay and will not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate, and pay all costs, and if the appeal be from an order of confirmation of sale the bond shall be further conditioned if the appellant will pay to the purchaser the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession if the order appealed from be affirmed."

It is insisted that the order granting a writ of assist-

ance was an order directing the delivery of the possession of real estate within the meaning of the statute above quoted. We cannot agree with this contention. A writ of assistance is the ordinary process used by a court of chancery to put a party, receiver, sequestrator, or other person into possession of property when he is entitled thereto either upon a decree or upon an interlocutory order. *Stanley v. Sullivan,* 71 Wis. 585, 5 Am. St. Rep. 245. The most familiar instance of its use is where, as in the instant case, land has been sold under a decree foreclosing a mortgage, but it is also employed wherever a court of equity, having jurisdiction of the persons and the property in controversy, has determined the rights of the litigants to the title or possession of the real estate. The remedy is founded on the rule that the court of equity, where it can do so justly, will carry its own decrees into full execution without relying on the cooperation of any other tribunal. The rule is well established that the writ will issue in favor of a purchaser at a sale of real estate under a decree, but will only be allowed against parties to the suit, their representatives, privies, or those who came into possession under one of the parties while the suit was pending. The writ will not issue where the rights of the party have not been fully adjudicated in the principal suit. Indeed, it is the practice in many jurisdictions to incorporate an allowance of the writ in the order of confirmation; and this rule is followed in some of the districts in this state. Without doubt it is the proper practice, and one which would have prevented the present controversy. So it may be said that a writ of assistance performs the same office in a suit in equity as does an execution in an action at law. It is nothing more than the process by which the court of equity finally carries its judgment or decree into effect.

The authorities in this country are divided on the question as to whether an appeal lies from an order granting such a writ, and we might be justified in holding that such an order is not appealable. Heretofore, however, we

have taken a different view of the matter.  In *Merrill v. Wright*, 65 Neb. 794, 101 Am. St. Rep. 645, we entertained an appeal from such an order, and determined the questions involved on their merits.  We also passed on the merits of the order in the present case without questioning the right of appeal, and we are of opinion that an order granting the writ of assistance is appealable as a final order.  It does not follow, however, that it is such an order as is embraced in the third subdivision of section 677 of the code, that is to say, an order for the delivery of the possession of real estate.  The statute above quoted was evidently intended to apply to judgments rendered and orders made in actions where the title or right to the possession of real estate are involved as the subject of the litigation, and not to an order for a writ of assistance which may be necessary to carry the judgments and orders of a court of equity into effect, after all the rights of the parties have been determined and nothing remains but to execute such judgments and decrees; and it is our opinion that the order in question is one of those which can be superseded only by an order of the court; that in making such order the court may require it to be conditioned upon such reasonable terms as he may direct.  In the case at bar the plaintiff was a tenant of the owner of the equity of redemption to certain lands in Antelope county; an action was commenced against such owner, and all other parties interested in the premises, to foreclose a mortgage thereon; judgment of foreclosure was rendered; an appeal from that decree was prosecuted to this court, where the judgment was affirmed.  The property was thereafter sold under the decree, and in due time such sale was confirmed.  From the order of confirmation the case was again brought here on appeal, and a hearing resulted in the affirmance of that judgment.  The plaintiff herein had been in possession of the premises as tenant of the defendants in said action from the beginning, and during the pendency of the litigation.  After a deed to the premises had been executed by the sheriff in accordance

with the final order of the court, the plaintiff refused to vacate, and still withheld the possession of the premises from the defendant in error. The litigation being ended, and all of the rights of the parties having been judicially determined, there was nothing left for the defendant to do but to bring an action at law to recover the possession of the premises, or apply to the court, in the same case, for a writ of assistance to carry its judgment into effect. The defendant pursued the latter course, and the court having made such order it was within his power to fix the terms upon which it could be superseded during the pendency of an appeal. That the defendant was entitled to the use and occupation of the land from and after the date of the order of confirmation of sale there can be no doubt; and if the plaintiff desired to retain possession of the premises during the pendency of his appeal, the condition that he give a bond to pay a reasonable rent for the use and occupation thereof was proper and reasonable, and such a condition as the court had undoubted authority to exact. If we should sustain the plaintiff's contention we would establish the rule that, after a decree of foreclosure, and sale of the premises, and a confirmation thereof, one who is bound by the decrees and orders of the court may refuse to comply with the same and compel the purchaser to apply for an order for a writ of assistance, may prosecute an appeal from such order, and retain possession of the premises during the pendency thereof, without paying rent to the owner, although he is entitled to the use and occupation of his land from and after the date of the order of confirmation of sale. We cannot believe that it was the intention of the legislature to establish such an unjust and inequitable rule by the adoption of section 677 of the code above mentioned, and we decline to give it such a construction. Having reached the conclusion that it was proper for the court to require the plaintiff to give the bond in question in order to supersede the order for the writ of assistance, it is unnecessary for us to determine the question as to whether or not it is a good common law obligation.

Several other questions have been discussed by counsel, but an examination of our former opinion convinces us that they are satisfactorily disposed of therein. For the foregoing reasons, we are of opinion that our former judgment should be adhered to, and it is so ordered.

JUDGMENT ACCORDINGLY.

SEDGWICK, C. J., concurs in the conclusion reached.