HARGREAVES BROTHERS V. WALTER W. HACKNEY, TRUSTEE..

FILED OCTOBER 19, 1905. No. 14,257.

1. Evidence examined, and *held* sufficient to sustain the judgment.
2. Instructions examined, and *held* not prejudicial.

ERROR to the district court for Lancaster county: LIN-COLN FROST, JUDGE. *Affirmed.*

*Tibbets & Anderson,* for plaintiff in error.

*John S. Bishop* and *Mockett & Polk, contra.*

OLDHAM, C.

This was an action by the trustee in bankruptcy of Julius M. Erlenborn to recover from the defendants in the court below the amount of an alleged preference received by them as creditors of the bankrupt. There was a trial of the issues to a jury in the court below, a verdict for the plaintiff, and judgment on the verdict. To reverse this judgment defendants bring error to this court.

This case, with the companion case of *Hackney v. Raymond Brothers Clarke Company,* involving the same issues, has been three times before this court for consideration. The facts involved in the controversy have been fully stated and discussed in each of the former opinions, which will render a further statement unnecessary. The instant case was first considered in an unofficial opinion by HASTINGS, C., reported as *Hackney v. Hargreaves Bros.,* 3 Neb. (Unof.) 676. In that opinion a judgment in favor of the defendants in the court below was reversed for an error of the trial court in its instructions to the jury on the question of preference. It was there held, in substance, that, under the facts and circumstances surrounding the transfer of the account of Erlenborn to Kettering, the assumption of such account by Kettering as part of the purchase price of Erlenborn's stock of goods, with

the knowledge of the defendants that it was so intended, amounted to a preference in violation of the national bankruptcy law, if the defendants knew or had reason to believe that such transaction would result in a preference to them over other creditors of Erlenborn of the same class. The companion case of *Hackney v. Raymond Bros. Clarke-Co.* was later considered by this court in an opinion delivered by POUND, C., and reported in 68 Neb. 624. In this case a judgment in favor of Raymond Brothers in the court below was recommended for affirmance, it being held in that opinion, in substance, that whether or not the sale of the account of Erlenborn to Kettering was, under the evidence, a sale of an account against a bankrupt, made in the ordinary course of business by the creditor, was a question of fact to be determined by the jury, and it was also held that it was not error for the trial court to exclude the schedule of liabilities filed by Erlenborn in the bankruptcy proceedings. Motions for rehearing were filed in each of the above causes. The two motions were considered together, and an exhaustive opinion, which went into every material fact in the controversy, was delivered by HOLCOMB, C. J., and is reported in 68 Neb. 633. In this latter opinion, the opinion of HASTINGS, C., *supra*, was adhered to, and the opinion of POUND, C., *supra*, so far as in conflict therewith, was vacated and set aside, it being held that the transfer of the account in the manner detailed by the testimony was not a sale of the account of the debtor in the ordinary course of trade, and it was further held, specifically, that it was error for the trial court to exclude from the evidence the schedule filed in the bankruptcy proceedings.

The first question called to our attention is that the evidence is not sufficient to sustain the judgment. An examination of the testimony shows facts and circumstances to have existed sufficient to have placed an ordinarily prudent man on inquiry as to the financial condition of Erlenborn at the time the preference was accepted.

The next objection called to our attention is as to the

alleged error of the trial court in giving the concluding sentence of paragraph 8 of the instructions on its own motion. The portion of the instructions objected to must be read in connection with the entire instruction, as well as the preceding instruction to which it relates. These instructions are as follows:

"(7) If you shall determine from the evidence that Erlenborn January 15, 1900, was insolvent, and consequently that a preference was obtained by the defendants, then, before the plaintiff can recover herein, it will be necessary for him to prove by a preponderance of the evidence that the defendants at the time of the making of said transfer to Kettering and the payment by him of defendants' claim to the amount of $675 had reasonable cause to believe a preference was thereby intended.

"(8) Therefore, before finding against the defendants, it is necessary for you to conclude from the evidence that they, or A. E. Hargreaves acting for them, had reasonable cause to believe that a preference was intended. On this point you are instructed that a creditor is not charged with knowledge of his debtor's financial condition from the mere nonpayment of his debt, or from circumstances which give rise to mere suspicion in his mind of possible insolvency; nor is it essential that the creditor should have actual knowledge of or belief in his debtor's insolvency, but that he should have reasonable cause to believe his debtor to be insolvent. He has reasonable cause so to believe if facts and circumstances with respect to the debtor's financial condition are brought home to him, such as would put an ordinarily prudent man upon inquiry, for he is charged with knowledge of the facts which such inquiry should reasonably be expected to disclose; or if he has knowledge of facts and circumstances which would cause a reasonably prudent man so to believe. While constructive notice is sufficient ground for such belief, yet the circumstances upon which such notice is predicated must be of a character to induce belief as distinguished from mere suspicion. *Transactions not in the usual course of trade*

*or of the accustomed dealings between the parties are no-tice of probable wrong, and the creditor is thereby put on inquiry, and is chargeable with all such inquiry would have produced."*

It is the italicised portion of the instruction that is ob-jected to, and it is urged that this portion of the instruc-tion assumes that the transfer of the account was not made in the ordinary course of business.   This conclusion is fully justified and, unless the evidence is so clear and con-vincing on this point that no other finding could be sup-ported, the objection is well taken.   On this point, how-ever, it was held in the opinion by HOLCOMB, C. J., *supra*, that "the trial court erred in submitting to the jury the question of whether the transactions between Kettering and Erlenborn and the defendants were or were not *bona fide* sales of accounts, or whether they were entered into with the view of securing a preference in violation of the bankruptcy law."   In view of this holding the court was justified in declaring as a matter of law that the transac-tion was "not in the usual course of trade, or of the accus-tomed dealings between the parties."   We are therefore of opinion that, under the peculiar conditions surrounding· this transaction, the instructions, as a whole, were rather favorable than otherwise to defendants' theory of the case.

We are asked to review the holding in our last opinion as to the admission of the schedule filed in the bankruptcy proceedings.   This question was fully discussed in the former opinion between these same parties, and we see no reason to reexamine it.

As these are the only questions properly called to our attention we recommend that the judgment of the district court be affirmed.

LETTON and AMES, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.