WALTER W. HACKNEY, TRUSTEE, APPELLEE, V. RAYMOND
BROTHERS CLARKE COMPANY, APPELLANT.

FILED FEBRUARY 22, 1906.  No. 14,429.

1. **Case Followed.** *Hargreaves Brothers v. Hackney,* 74 Neb. 700, followed and approved.
2. **Trial: HARMLESS ERROR.** Action of the trial court in the admission of evidence examined, and *held* not prejudicial.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*Wilson & Brown,* for appellant.

*John S. Bishop* and *R. S. Mockett, contra.*

OLDHAM, C.

This was an action by the trustee in bankruptcy of
Julius M. Erlenborn to recover from the defendant in the
court below the amount of an alleged preference received
by it as a creditor of the bankrupt. There was a trial of
the issues to a jury in the court below, a verdict for the
plaintiff, judgment on the verdict, and to reverse this judgment defendant has appealed to this court.

This case, with the companion case of *Hackney v. Hargreaves Brothers,* is before the court for review a fifth time.
A full statement of the issues involved in the controversy
is contained in our former opinions. See *Hackney v.
Raymond Bros. Clarke Co.,* 68 Neb. 624; *Hackney v. Hargreaves Bros.,* 3 Neb. (Unof.) 676, and the opinion on rehearing of the two cases by HOLCOMB, C. J., in 68 Neb.
633, and the recent decision in *Hargreaves Bros. v. Hackney,* 74 Neb. 700. In these opinions the law of the case
has been fully determined, and the fact that the preference
was illegal under the provisions of the national bankruptcy
law is settled. The instructions complained of in the
instant case are of the same nature and effect as those

given in the last hearing of *Hackney v. Hargreaves Bros.*, and held in our last opinion not to have been prejudicial. In fact, there is but one contention in this case that was not urged and determined adversely to the defendant's claim in the recent opinion, and that is as to the alleged errors of the trial court in permitting plaintiff's counsel to refresh the memory of Erlenborn, the bankrupt, by calling to his attention his testimony at one of the former hearings of the case. Erlenborn was plainly a hostile and unwilling witness, and we do not think the court abused his discretion in permitting plaintiff's counsel to lead him and refresh his memory, if possible, by calling his attention to his testimony at a former hearing of the case. It is clear to us that under the law of the case, as determined in our former opinions, no other judgment than the one rendered could be supported by the testimony.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.