(February 3, 1921.)

ANNA NOBLE, Trustee, Respondent, v. ALVIN M. HARRIS, Appellant.

[195 Pac. 543.]

REAL PROPERTY — FORECLOSURE OF MORTGAGE — NECESSARY PARTIES — TENANT UPON AGRICULTURAL LANDS—WRIT OF ASSISTANCE—REAL PARTY IN INTEREST.

1. Under the admitted facts in this case, appellant comes within the provisions of C. S., secs. 6949 and 6674, and is bound by the decree of foreclosure as fully as if he had been made a party to the foreclosure proceedings and served with the cross-complaint.

2. Petitioner's mere delay in seeking possession of the land in controversy did not make appellant a tenant on agricultural lands entitled to hold over under C. S., sec. 7322.

3. In this case the petitioner, who was the holder of the sheriff's deed to the tract of land in controversy, was the real party in interest and the proper person to apply for a writ of assistance.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Application for writ of assistance. Application granted and defendant Alvin M. Harris appeals. *Modified and affirmed.*

E. J. Dockery, for Appellant.

Harris was in possession under an expired lease on agricultural lands, and he was permitted to remain undisturbed in possession of the premises from January 1, 1916, without a word of complaint from petitioner until April 7, 1916, and without any act on her part until June 10, 1916. Harris is entitled *ipso facto* to a full year's possession on being allowed to stay 60 days without molestation, under subd. 2 of sec. 7322, C. S. (*Hooper v. Yonge,* 69 Ala. 484; Daniell's Ch. Pr. 272 and 1062, 1063.)

J. L. Niday, for Respondent.

Harris had no interest in said lands, either as holder of record title or of record lien of any kind, at the time of the filing of the cross-complaint of said Idaho Trust and Savings Bank in said suit, or at the time of the filing of the *lis pendens* therein. Therefore, the provisions of sec. 6949, C. S., are squarely in point. (*Harding v. Harker,* 17 Ida. 341, 134 Am. St. 259, 105 Pac. 788; *Hibernia Sav. & Loan Soc. v. Cochran,* 141 Cal. 653, 75 Pac. 315.)

DUNN, J.—In 1909 the appellant Alvin M. Harris was the owner of 540 acres of land in Owyhee county, on which

3. For authorities relating to writs of assistance, see notes in 93 Am. St. 154; Ann. Cas. 1913D, 1120.

there were two mortgages aggregating $7,496. In addition to this, he owed the Idaho Trust & Savings Bank of Boise, $11,000 on loans. Being unable to pay, he authorized the bank to make sale of this property for $22,000 and out of the proceeds to pay the aforesaid mortgages and the amount due said bank. The bank made sale of this land for Harris to one Gilbert Donaldson, to whom Harris executed a deed. Being unable to pay the full purchase price, Donaldson obtained a loan from the bank and to secure it gave a mortgage on the land purchased. In July, 1911, claiming that the land had been misrepresented to him, Donaldson brought suit to have the sale set aside and to recover the purchase price, making the said bank and Harris and several other persons parties defendant. In this action Harris defaulted, but the bank answered, denying the allegations of the complaint, and at the same time filed a cross-complaint against Donaldson, asking the foreclosure of the mortgage that he had given to secure the payment of money borrowed from the bank in purchasing the land, and thereafter filed a notice of *lis pendens*. At the time of the filing of the cross-complaint and the notice of *lis pendens* Harris had no interest whatever in the land and was not served with the cross-complaint. Thereafter the action came on for trial and Donaldson obtained a judgment setting aside the sale and returning the purchase money to him, on condition that he obtain a cancelation of certain leases on the land in controversy and redeem the land to Harris, both of which he did. At the same time and in the same judgment it was decreed that the land in controversy be sold to satisfy the mortgage given by Donaldson to the bank.

Thereafter, on the twenty-fourth day of January, 1914, the land was sold at public sale pursuant to said decree, and the bank became the purchaser, to which a certificate of sale was issued on the sixth day of February, 1914. On November 30, 1914, the bank assigned said certificate to the petitioner, Anna Noble, and on the fifth day of March, 1915, the sheriff of Owyhee county executed and delivered to the assignee and petitioner herein a deed conveying to her the

premises in controversy. At the time of the execution and delivery of this deed Harris was in possession of the land, but no proceedings to obtain possession were taken by the holder of the sheriff's deed, Anna Noble, until June, 1916, when she applied to the district court of Ada county, to which county the action had been transferred for trial soon after it was brought, for a writ of assistance, which applica- tion came on for hearing after notice to the defendant, Alvin M. Harris, who filed his affidavit in answer to the petition for said writ. The court, after due consideration of the matter, made an order granting the application for the writ of assistance, and the case is here on appeal of Harris from said order.

The contention of appellant is, first, that as to him the decree of foreclosure is void, for the reason that he was not served with the cross-complaint by which defendant bank was seeking to foreclose the mortgage given by Donald- son; second, that the delay of about fifteen months between the date of the execution of the sheriff's deed and the date of applying to the court for a writ of assistance, constituted Harris a tenant upon agricultural lands within the meaning of C. S., sec. 7322, subd. 2, and therefore entitled him to hold over for one year; third, that Anna Noble, the peti- tioner, is not the real party in interest in this proceeding; fourth, that his family burying-ground was included in the foreclosure proceedings and in the sheriff's deed, notwith- standing it was never conveyed to Donaldson by Harris, and that for these reasons the writ ought to be set aside.

The first contention of Harris cannot be sustained, for it is uncontradicted that at the time the action to foreclose the mortgage was begun, and at the time the notice of *lis pendens* was filed, Harris had no interest in the land cov- ered by the mortgage, except the burying-ground, and the conveyance from the mortgagor, by which Harris became the owner of the mortgaged land, was not executed until after the foreclosure proceedings were begun and the notice of *lis pendens* filed. This brought him clearly within C. S., secs. 6949 and 6674, and rendered it unnecessary to make

him a party to the foreclosure action or to serve him with the cross-complaint. It requires no citation of authorities to hold that under this state of facts Harris is bound by the decree of foreclosure to the same extent as if he had been made a party.

Equally untenable is the claim of Harris that he comes within the provisions of section 7322, *supra*, as a tenant of agricultural lands entitled to hold over for one year. On the execution of the deed by Donaldson, reconveying the land to him, Harris entered into possession and so continued up to the time the writ issued. It does not appear that he was in any sense prejudiced by the delay complained of, and we are unable to see from the facts stated how the relation of landlord and tenant, as claimed by him, could have arisen between the petitioner and himself.

The uncontradicted evidence shows that Anna Noble was the holder of the sheriff's deed to the land in controversy, and therefore she was the real party in interest and the proper person to apply for the writ of assistance.

The fourth contention of appellant, we think, must be sustained, for the reason that it is not denied that Harris reserved the title to the burying-ground when he conveyed this land to Donaldson, and that the trial court so found. Therefore, Donaldson had no right to mortgage it, and the foreclosure proceedings conferred no right to this tract on the purchaser at the foreclosure sale, and, of course, the assignee of such purchaser got no title thereto.

The order of the district court granting the writ of assistance should be modified so as to except said burying-ground from the operation of the writ; otherwise, the order should be affirmed. It is so ordered. No costs awarded to either party.

Rice, C. J., and Budge and Lee, JJ., concur.

McCarthy, J., being disqualified, took no part in the hearing or this decision.