(November 30, 1921.)

NATALIE V. BERDING, Plaintiff, v. B. S. VARIAN, Judge of the District Court of the Seventh Judicial District, J. W. SLICK and W. B. SLICK and NORTH-WESTERN SECURITIES COMPANY, a Corporation, Defendants.

(Nos. 3732 and 3736.)

NATALIE V. BERDING, Respondent, v. NORTHWEST-ERN SECURITIES COMPANY, a Corporation, and J. W. SLICK and W. B. SLICK, Appellants.

[202 Pac. 567.]

MANDAMUS—PETITION—DEMURRER—MOTIONS TO DISMISS APPEALS—GROUNDS—COMPLIANCE WITH STATUTES.

In a proceeding for writ of mandate to compel performance of a certain act by an officer or tribunal it should be made to appear that the petitioner has sought to obtain from such officer or tribunal the performance of substantially the same act as petitioner seeks by such writ to compel such officer or tribunal to perform.

Original proceeding for Writ of Mandate. Defendants demur. Demurrer sustained; alternative writ quashed and peremptory writ denied.

Motions to dismiss appeals denied.

R. E. Haynes and Isham M. Smith, for Plaintiff and Respondent.

The object of the stay bond is to prevent the enforcement of a decree or judgment pending the appeal, and if the stay bond is not given, the enforcement of such decree is not stayed. (*California Mortgage & Savings Bank v. Graves,* 129 Cal. 649, 62 Pac. 259; *Montgomery v. Tutt,* 11 Cal. 190, 191; *Union Mutual Life Ins. Co. v. Windett,* 36 Fed. 838; *State v. Thiele,* 19 Neb. 220, 27 N. W. 109; *Collins v. Brown,* 64 Neb. 173, 89 N. W. 754; *Evans v. Kahr,* 60 Kan. 719, 57 Pac. 950, 58 Pac. 467; Freeman on Judgments, 4th ed., 484.)

The right to writ of assistance is a part of every decree not only of foreclosure and sale, but of strict foreclosure. (*Harding v. Harker,* 17 Ida. 341, 134 Am. St. 259, 105 Pac. 788; *Griswold v. Simmons,* 50 Miss. 123; *Diggle v. Boulden,* 48 Wis. 477, 4 N. W. 678; *Baldwin v. MacDonald,* 24 Wyo. 108, 156 Pac. 27; *Johnston v. Smith's Admr.,* 70 Ala. 108.)

"No stay of execution is effected by an appeal unless by virtue of some statutory provision." (*Reed Orchard Co. v. Superior Court,* 19 Cal. App. 648, 128 Pac. 9, 16.)

The superior court has no general power to stay execution of its judgment pending appeal. Such power can only be exercised when a supersedeas bond is given. (*Mannix v. Superior Court,* 157 Cal. 730, 109 Pac. 264; *Hoppe v. Hoppe,* 99 Cal. 537, 34 Pac. 222; *Gray v. Palmer,* 28 Cal. 416, 419; 3 C. J., sec. 1054, p. 1056.)

The statute gives the right of appeal from the judgment as entered. The Idaho decisions do not recognize the right to appeal from a judgment as filed. The appeal lies only from the judgment as entered in the judgment-book. (*Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; *Wood, Curtis & Co. v. Missouri-Pacific R. R. Co.,* 152 Cal. 344, 92 Pac. 868; *Thomas v. Anderson,* 55 Cal. 43; *Schurtz v. Romer,* 81 Cal. 244, 22 Pac. 657.)

W. C. Bicknell, for Defendants and Appellants Slick.

Writ of mandate will not lie against a court, unless it be clearly shown that such court has refused to perform some manifest duty. (*Lindsey v. Carlton,* 44 Colo. 42, 96 Pac. 997; *Blackwell Lumber Co. v. Flynn,* 27 Ida. 632, 150 Pac. 42.)

Hawley & Hawley, for Appellant N. W. Securities Co.

A motion to dismiss an appeal presents only the question of whether or not the statutory requirements as to the mode of taking the appeal have been observed. (*Bohannon Dredg-*

*ing Co. v. England,* 30 Ida. 721, 168 Pac. 12, and cases therein cited.)

Inasmuch as the capacity of the Northwestern Securities Company to appeal in this action and to maintain a cross-complaint was never questioned in the lower court, the question of its capacity cannot be raised in this court. (*Dahlstrom v. Walker,* 33 Ida. 374, 194 Pac. 847; *Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553; *Thelen v. Thelen,* 32 Ida. 755, 188 Pac. 40; *Wilson v. Wilson,* 26 Or. 251, 38 Pac. 185; *Wright v. Wayland* (Mo. App.), 188 S. W. 928.)

DUNN, J.—Respondent has moved to dismiss the appeal of Northwestern Securities Company on the ground that said company has not at any time complied with C. S., sec. 4706, and has defaulted in all the payments required to be made under the contract between the said company and the respondent and that said company's rights under its contract are nugatory.

She has also moved to dismiss the appeal of J. W. Slick and W. B. Slick on the grounds: First, that said appeal is taken from a judgment made and filed on November 19, 1920, and not from a judgment made and entered on said date; second, that the appeal on behalf of said J. W. Slick and W. B. Slick is a moot appeal for the reason that the decree entered herein declares the contract between respondent and said J. W. Slick and W. B. Slick to be in full force and effect, provided said J. W. Slick and W. B. Slick should pay to the respondent within 60 days from November 16, 1921, the sum of $32,754.61, with 7 per cent interest from said date, and said payment has not been made; that no bond staying the execution of said judgment has been filed and no application made by said appellants to have the trial court fix the amount of such stay bond, nor any application made by said appellants for an extension of time within which to give such stay bond; third, that the said J. W. Slick and W. B. Slick do not come into this court of equity on appeal with clean hands; that the said J. W. Slick and W. B. Slick have each committed iniquity respecting the subject matter of

this appeal, to wit, the lands and premises in controversy, and that neither the said J. W. Slick nor W. B. Slick, nor anyone for them, had ever offered to do equity.

As to the motion to dismiss the appeal of the Northwestern Securities Company, we think the objection that said appellant has not complied with C. S., sec. 4706, is not well taken, for the reason that it was not raised in the court below. It was there stipulated by the respondent and said appellants as follows:

"It is hereby stipulated by and between counsel for all parties to this action that Northwestern Securities Company, an Oregon corporation, is and at all times mentioned in the complaint was qualified to do business in the state of Idaho by virtue of a full compliance with the laws of Idaho relative to foreign corporations doing business in Idaho."

No objection was there raised as to the right of said corporation to maintain or defend the action, and we think such objection was waived. The other ground goes to the merits of the case in this court and does not subject the appeal to dismissal.

The first ground upon which a dismissal is asked against J. W. Slick and W. B. Slick is without merit for the reason that under our statute when a judgment is filed it is deemed in law to be entered. (C. S., sec. 6899.)

As to the second ground, while the record shows no filing of a stay bond, this does not authorize the dismissal of the appeal.

The matters set up under the third ground, we think, are such as must be dealt with in considering the appeal on the merits and do not entitle respondent to a dismissal.

Respondent has also filed a petition for a peremptory writ of mandate commanding B. S. Varian, as judge of the district court of the seventh judicial district in and for county of Payette, to carry into effect the decree heretofore rendered in this cause and to give the respondent all writs and processes necessary to bring her into immediate possession of the lands and premises referred to in the complaint

herein. An alternative writ of mandate was issued requiring the said judge and said appellants to show cause why said peremptory writ should not be issued as prayed for by said respondent. The application for this writ is based upon the petition and the transcript on file in this court in the case of *Natalie V. Berding, Respondent, v. J. W. Slick and W. B. Slick, Appellants.* No answer to the petition was filed, but defendants B. S. Varian, J. W. Slick and W. B. Slick demurred to the petition and moved to quash the alternative writ of mandate, "for the reason that the facts alleged in the petition are insufficient to invoke relief by *mandamus.*" The decree entered in said case required said appellants to pay respondent $32,754.61 within 60 days from November 16, 1920, and upon such payment being made that respondent should execute and deliver to appellants a warranty deed conveying to them the property in controversy clear of all encumbrances except a certain mortgage, and in default of such payment upon application of respondent to the district court "the said J. W. Slick and W. B. Slick, or their assigns, shall be declared in default in said contract, and that thereupon all payments made by said J. W. Slick and W. B. Slick, or their assigns, shall be forfeited to Natalie V. Berding and title in said above-described real property be forever quieted in said Natalie V. Berding, plaintiff, as against any right, title, interest, claim, lien or equity claimed or to be claimed upon the part of said J. W. Slick or W. B. Slick or either of them, or by their administrators, executors or assigns, by virtue of said contract." An examination of the transcript shows that the respondent on February 11, 1921, filed in the district court of Payette county her motion for, "an order of default against J. W. Slick and W. B. Slick, declaring them and each of them in default in said contract entitled plaintiff's exhibit 'A' in said cause, and further, that all payments made by said J. W. Slick and W. B. Slick be forfeited to Natalie V. Berding, plaintiff, and that title to the real property named in said plaintiff's complaint be

forever quieted in said Natalie V. Berding as against any right, title, interest, claim, lien or equity claimed or to be claimed by or on the part of said J. W. Slick and W. B. Slick, or either of them, or by their administrators, executors or assigns, by virtue of said contract marked as plaintiff's exhibit 'A' upon the following grounds:

"That said J. W. Slick and said W. B. Slick have failed, neglected and refused to comply with the decree of court herein made and entered in said cause on the nineteenth day of November, 1920, wherein and whereby said court adjudged and decreed that said J. W. Slick and W. B. Slick, defendants, pay to said Natalie V. Berding, within sixty days after the date of entry of said decree, the sum of $32,754.61 with interest at the rate of seven per cent per annum from date of said decree."

Said appellants filed objections to the court's making the order applied for by respondent on the ground that the court was without jurisdiction to make such order, because of the appeal of J. W. and W. B. Slick, and that until the determination of said appeal said appellants did not know whether respondent or Northwestern Securities Company was entitled to said payment, and that they should not be foreclosed of their rights until the appeal was determined.

The court denied the application of respondent on the ground that the appeals of said company and the Slicks had the effect "to remove the question of title from this court pending said appeals, and that this court has no jurisdiction in such matter."

The relief being sought in this proceeding for a writ of mandate is possession of the property in controversy, and the ground upon which such possession is claimed at this time is that the judgment appealed from is final and that said J. W. Slick and W. B. Slick have given no bond staying its execution pending appeal. As between Berding and the Slicks the decree was one in strict foreclosure, and the form of judgment was in conformity with proper prac-

tice. (*Walsh v. Coghlan,* 33 Ida. 115, 190 Pac. 252; *Baldwin v. MacDonald,* 24 Wyo. 108, 156 Pac. 27.)

The judgment was final, since it determined all matters in controversy in the action between the parties. (*Lamberton v. McCarthy,* 30 Ida. 707, 168 Pac. 11.)

Forfeiture of all rights of the Slicks under their contract was effected by their failure to pay within the time fixed by the judgment the amount due the respondent and was complete without the declaration mentioned in the judgment. The statement in the judgment that if payment of the amount declared to be due should not be made within 60 days, the court on application would declare the default does not affect the finality of the judgment. This declaration required the exercise of no judicial discretion, the rights of the parties having been fully determined by the judgment. The word "thereupon" in the part of the judgment quoted should be construed to refer to the default of the Slicks in making payment, and not to the declaration of default which the respondent sought to have made by the court; otherwise, the time of the forfeiture of the Slicks of their interest in the contract, and presumably the right to make the payment decreed, would be extended for an indefinite period, and plainly this was not the intent of the judgment.

The language used by the trial court in denying the application for a declaration of default made by the respondent would indicate that it regarded such declaration as a substantial part of the judgment determining the rights of the parties in the action. If this were true the judgment appealed from would not be a final judgment and the appeal therefrom would be premature and could not deprive the trial court of the power to complete its judgment. The judgment as entered was final, but it did not in terms direct the delivery of possession of real property. The right to recovery of possession, however, follows as an incident to the judgment to the same extent as if expressly contained therein. (*Montgomery v. Tutt,* 11 Cal. 191.) The only

thing to be done in execution of the judgment is the placing of Berding in possession of the premises. In other respects the judgment is self-executing. In such a case the proper remedy is a writ of assistance. (*Harding v. Harker,* 17 Ida. 341, 134 Am. St. 259, 105 Pac. 788.)

"So it may be said that a writ of assistance performs the same office in a court of equity as does an execution in an action at law. It is nothing more than the process by which the court of equity finally carries its judgment or decree into effect." (*Escritt v. Michaelson,* 73 Neb. 634, 10 Ann. Cas. 1039, 103 N. W. 300, 106 N. W. 1016.)

If appellants desired to stay the execution of this judgment it was their duty to give an undertaking for that purpose in conformity with C. S., sec. 7158. No such undertaking having been given, the respondent is entitled to the possession of the property pending the appeal.

The next question that arises is whether the respondent is entitled to a writ of mandate which will in effect direct the court below to issue a writ of assistance in her behalf. From the motion made in the trial court it does not appear that the specific relief being sought here was asked of said court. In order to justify the issuance of a writ of mandate there must be a demand for action and a refusal to act on the part of the officer or tribunal against whom the writ is directed. (*Pfirman v. Success Min. Co.,* 30 Ida. 468, 166 Pac. 216.) The district court refused only to declare the forfeiture and has neither been asked nor has it refused to issue the writ of assistance. The mere matter of entering up a declaration of forfeiture is of no material consequence, since under the judgment the fact of the default works a forfeiture, and the writ of assistance should issue, if demanded, whether the declaration of forfeiture is entered or not.

For the reasons herein stated the demurrer is sustained, the alternative writ of mandate is quashed and the peremptory writ denied. Costs to appellants J. W. Slick and W. B. Slick.

The motions to dismiss the appeals herein are denied, with costs to the respective appellants.

Budge, McCarthy and Lee, JJ., concur.

RICE, C. J., Concurring.—I concur in the foregoing opinion. I think attention should be called also to the fact that the writ of mandate should not issue where there is a plain, speedy and adequate remedy in the ordinary course of law. (C. S., sec. 7255.)

It is quite generally held that an order granting or refusing a writ of assistance is appealable. (*Noble v. Harris,* 33 Ida. 401, 195 Pac. 543; *Williams v. Sherman, ante,* p. 63, 199 Pac. 646; *Escritt v. Michaelson,* 73 Neb. 634, 10 Ann. Cas. 1039, and note, 103 N. W. 300, 106 N. W. 1016.) The existence of the remedy by appeal prevents the issuance of a writ of mandate unless it clearly appears that the remedy by appeal is inadequate. I do not think that the showing in this case as to the inadequacy of the remedy by appeal is sufficient to justify the issuance of a writ of mandate.