(November 27, 1925.)

FALL RIVER IRRIGATION COMPANY, a Corporation, Appellant, v. W. G. SWENDSEN, Commissioner of Reclamation of the State of Idaho, et al., Respondents.

[241 Pac. 1021.]

WATER RIGHT DECREE — CLERICAL MISTAKE — CORRECTION OF — INTENTION.

> While the court has the power to correct a clerical mistake in its judgments and decrees, it may not in so doing correct a judicial error, and the evidence must be clear and convincing that a clerical and not a judicial mistake was made.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. George W. Edgington, Judge.

Action to correct an alleged clerical mistake in a decree. Judgment for defendants. *Affirmed.*

Geo. H. Lowe and N. D. Jackson, for Appellant.

"When a court of record discovers that the minute entry of an order of the court is false and does not correctly state

Publisher's Note.

1. Amendment of judgment, see notes in 12 **Am. Dec.** 351; 62 **Am. St.** 233.

Sufficiency of evidence to justify *nunc pro tunc* amendment of judgment, see note in **Ann. Cas.** 1915D, 685, 692. See, also, 15 **R. C. L.** 673.

the order, the court has power and jurisdiction to correct the same so as to make the record speak the truth." (*State v. Winter*, 24 Ida. 749, 135 Pac. 739; *Wyllie v. Kent*, 28 Ida. 16, 152 Pac. 194; *State v. Douglass*, 35 Ida. 140, 208 Pac. 236.)

There is involved in this inquiry no question of the statute of limitations or the laches of the plaintiff. (*Partridge v. Harrow*, 27 Iowa, 96, 99 Am. Dec. 643; *Quivey v. Baker*, 37 Cal. 465; *Cohen v. Dubose*, 1 Harp. Eq. (S. C.) 102, 14 Am. Dec. 709.)

"Where the clerk fails to enter the judgment as it was pronounced the court has always the power to correct the matter and order the entry to be made. Clerical errors can be corrected at any time by the order of the court." (*Stockdale v. Johnson*, 14 Iowa, 178; *Clark v. Lamb*, 8 Pick. (Mass.) 415, 19 Am. Dec. 332; *Hollaster v. Judges*, 8 Ohio St. 201; *Sullivan Sav. Inst. v. Clark*, 12 Neb. 578, 12 N. W. 103; *Wyman v. Buckstein*, 24 Wis. 477; *Gillett v. Booth*, 95 Ill. 183; 23 Cyc. 864.)

John W. Jones, C. Redman Moon and Otto E. McCutcheon, for Certain Respondents.

The power of courts of record to correct errors, purely clerical and not judicial, in their decrees is not disputed. But there are strict limitations upon the use of the power. The judgment must not be changed in substance or in any material respect. (*DeCastro v. Richardson*, 25 Cal. 49.)

When the record itself does not disclose the error, a mere preponderance of the evidence is not sufficient to authorize the court to exercise its discretion; the proof must be clear, convincing and satisfactory. (*Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527, 529.)

A court of record is the sole and exclusive judge of the adequacy, *quantum* and kind of evidence requisite to establish clerical mistakes in its own records, as well as the propriety of making the proposed amendment. (*Franklin Co. v. Bannock Co.*, 28 Ida. 653, 156 Pac. 108; *Co-wok-ochee v. Chapman*, 76 Okl. 1, 183 Pac. 610.)

The action of the court will not be reversed unless it clearly appears, as a matter of law, that there has been an abuse of discretion; and if the evidence leaves the court without doubt that the relief should be denied the judgment will not be disturbed. (*Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630; *Franklin County v. Bannock Co., supra;* 18 R. C. L. 124, sec. 38; 22 R. C. L. 490, sec. 170; 29 Cyc. 1432, sec. 3.)

"The circumstances of the discovery must be fully stated and proved, and the delay which was occasioned must be shown to be consistent with the requisite diligence." (*Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807.)

GIVENS, J.—This action was commenced in 1921 to have a decree, rendered in 1910 adjudicating the water rights on Snake River, north of American Falls, and its tributaries north of the Blackfoot River, giving appellant a priority of 1889, changed to 1885 on the ground that the court had originally so intended.

Appellant claims it did not learn of the mistake until 1919, though the distribution of water had been made every year in accordance with the decree, because there was no shortage of water until 1919, when appellant for the first time became affected by the decree and hence became apprised of its contents. There were some 566 parties to the original action whose water rights were fixed by the original decree.

While the court has the power to correct a clerical mistake in its judgments and decrees (*DeCastro v. Richardson,* 25 Cal. 49), it may not in so doing correct a judicial error and the evidence must be clear and convincing that a clerical and not a judicial mistake was made. (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527, at 529; *Murphy v. Stewart,* 2 How. (U. S.) 263, 11 L. ed. 261; *Breene v. Booth,* 6 Colo. App. 140, 40 Pac. 193; *Co-wok-ochee v. Chapman,* 76 Okl. 1, 183 Pac. 610.)

One of the former attorneys for appellant, so employed at the time of the original trial, testified that he told the referee

upon the submission of a tentative decree by the referee that the date therein written, 1889, was wrong and should be changed to 1885, and that the referee directed his reporter to note and make such correction and the attorney supposed it had been done and so did not later examine the final decree as filed and knew nothing of the mistake until after 1919; and another witness, president of another canal company, testified to having heard the conversation between the attorney and the referee. The referee stated that he did not remember that a correction was asked in regard to appellant's priority, that he did remember counsel suggested a correction but thought it referred to another water right. The referee stated that he kept a large index-book with notations of the various steps taken and orders entered with respect to each water claimant and that if he had made a note or change it would probably appear on this book. This record was not produced or accounted for by appellant, though the burden of proof was upon appellant. If this matter was called to the referee's attention it is indeed strange that after his reporter had made the notation on the tentative decree such correction should have been overlooked in the final decree, since the adjustment of the record was the only purpose of the hearing on the tentative decree. If this matter was not before the referee there is no showing that he intended giving a different priority date than 1889. In either event the evidence is not clear and convincing. The finding by the trial court that no mistake was made was justified and will not be disturbed, and it is so ordered.

Costs awarded to respondents.

Wm. E. Lee, Budge and Taylor, JJ., concur.

Petition for rehearing denied.