## STUDER v. MOORE, Comptroller of New York.

### No. 182.

Circuit Court of Appeals, Second Circuit.

Feb. 25, 1946.

Bernard Cowen and Harry Green, both of New York City, for appellant.

Herbert A. Einhorn, of New York City, and Nathaniel L. Goldstein, Atty. Gen., of New York (Orrin G. Judd, Sol. Gen., of Albany, N. Y., of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

At the time Studer appealed from the judgment dismissing the complaint against Moore, the action, so far as it was against the Irving Trust Company, remained undecided. The complaint sought a judgment against both defendants declaring that Studer "be adjudged the owner of the moneys which were on deposit in the Irving Trust Company * * * and which were transferred to the Comptroller of the State of New York." It also asked that he "be granted such writ or process or remedy which" (sic) "will restore or place in his possession the moneys of the trust estate," etc. The appeal was clearly premature, and did not remove the cause to this court. Hohorst v. Hamburg American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Oneida Navigation Corporation v. W. & S. Job & Co., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697; Bush v. Leach, 2 Cir., 22 F.2d 296; Huntman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465. Since it was taken, and indeed, after the argument, we are advised that Studer has discontinued the action against the Irving Trust Company: a course which we ourselves suggested. Although it must be owned that the defect is purely formal, it concerns our jurisdiction, and, in spite of our first impression to the contrary, we see no escape from holding that, since the original appeal did not remove the cause, nothing done thereafter in the district court could supply its place. A new appeal must be taken.

Appeal dismissed.