233 F.2d 818
 E. R. BORGMEIER, also known as Eleanor B. Johnson, Petitioner,
v.
Patrick T. STONE, as Judge of the United States District Court for the Western District of Wisconsin, Respondent.
 No. 11675.
 United States Court of Appeals Seventh Circuit.
 May 11, 1956.
 
 E. R. Borgmeier, Lemont, Ill., for petitioner.
 Frank M. Coyne, Madison, Wis., for respondent.
 Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Pursuant to leave granted, petitioner has filed herein a petition for writ of mandamus and writ of prohibition directed to respondent. To that petition respondent has filed a "return", to which petitioner has filed a reply. All of these documents are verified. There does not appear to be any material disagreement as to the relevant facts.
 
 
 2
 Petitioner, a Chicago lawyer, on May 21, 1953, filed a civil action in the District Court of the United States for the Western District of Wisconsin, entitled Helen N. Fleming, et al. v. Lake Delton Development Company, et al., bearing number 2465-Civil.
 
 
 3
 On November 22, 1954 petitioner filed a withdrawal as attorney for plaintiffs in the clerk's office of said court, pursuant to leave granted on November 3, 1954 by respondent.
 
 
 4
 On or about February 25, 1955, petitioner served upon defendants a notice of an attorney's lien claimed by her upon the cause of action involved in Helen N. Fleming, et al. v. Lake Delton Development Company, et al. and upon the proceeds or damages derived in said action, as security for her fees in the conduct of such litigation, pursuant to § 256.36 of Wisconsin Statutes (1953).
 
 
 5
 When the case of Helen N. Fleming, et al. v. Lake Delton Development Company, et al. was reached for trial on September 30, 1955, the parties agreed upon a settlement under the terms of which defendants were to pay $32,500 to plaintiffs by deposits with the clerk of the court as follows: $10,000 in 30 days; $10,000 in 60 days and $12,500 within one year. An order was entered by respondent on that date directing that petitioner be given notice of such settlement "so that she could take such steps as she might desire to enforce any lien which she might claim or assert to such funds." Two deposits of $10,000 each were made with the clerk by the defendants according to the agreement.
 
 
 6
 On November 9, 1955, respondent entered a rule directing petitioner to show cause why the moneys on deposit should not be distributed free of her lien, and directing that notice of the rule be served on her by the clerk by registered mail, returnable November 17, 1955. On the latter date respondent entered an order to the effect that due and sufficient service of said rule to show cause was served on petitioner and which order directed that the moneys on deposit[1] should be paid by the clerk to plaintiffs' attorney, free of any lien of petitioner.
 
 
 7
 Petitioner was not present when any of the aforesaid proceedings before respondent took place.
 
 
 8
 On December 14, 1955, she filed a notice of appeal to this court from the order of November 17, 1955, and also in due time filed Designation of Contents, Statement of Points on Appeal, and Statement in accordance with Rule 10(b). She also presented a motion requesting that original reports of proceedings be included in the record for appeal, and thereafter forwarded true copies of necessary documents to be included by the clerk in the record, requesting the clerk to certify the record and forward it to her for filing in this court.
 
 
 9
 By order dated January 2, 1956 and entered January 4, 1956, respondent entered a rule to show cause, returnable January 17, 1956, (continued on January 17, 1956 to January 31, 1956) which provided that, — "upon the failure of E. R. Borgmeier, Esquire, to submit herself to the jurisdiction of this Court for the determination of the validity of said alleged lien, or the merits of said lien rights, that the purported appeal taken by E. R. Borgmeier from the order entered on this Court on the 17th day of November, 1955, shall be dismissed upon its merits with prejudice, and further, that the alleged lien, and any lien rights arising thereunder, shall be dismissed with prejudice and the proceeds of the settlement disbursed to the plaintiffs free from any incumbrance of said alleged lien or any lien rights."
 
 
 10
 Petitioner forwarded to the clerk of the district court "for Judge Stone's consideration and signature," a motion and order to extend to February 20, 1956, the time within which to file record on appeal.
 
 
 11
 A motion for leave to file the petition now before us was filed in this court on January 30, 1956.
 
 
 12
 1. We have jurisdiction to issue extraordinary writs in aid of our appellate jurisdiction. Section 1651(a), Title 28 U.S.C.A. Our authority to issue such writs is that which may properly be deemed to be auxiliary to our appellate power. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129.
 
 
 13
 2. Petitioner has appealed from respondent's order of November 17, 1955 which directed the release of plaintiffs' moneys held by the clerk of the district court and upon which moneys petitioner then claimed an attorney's lien under the statutory law of Wisconsin.[2] This order implicitly holds her lien to be ineffectual as to the moneys then in the hands of the clerk, and is, therefore, an appealable order.
 
 
 14
 3. Respondent contends that petitioner is not a party to the proceeding and, therefore, she has no right of appeal.[3] The district court recognized that she was a party to the proceeding by directing that notice be served upon her, and by finding that it had been served prior to the entry of the order of November 17, 1955. It is self-evident that when a fund upon which an attorney claims a statutory lien is being released from that lien, the attorney is a party to that proceeding and is entitled to appeal from an adverse order.
 
 
 15
 4. Respondent also argues that petitioner lost any right to appeal "by staying outside the jurisdiction". We have been cited to no authority holding that a party to a civil proceeding loses her right of appeal from an adverse decision simply because she is physically absent from the geographical jurisdiction of the court. We hold to the contrary.
 
 
 16
 5. After petitioner filed a notice of appeal on December 14, 1955, respondent had no jurisdiction to enter any orders in said case, except in pursuance of Rules 73, 75 and 76 of the Rules of Civil Procedure.[4] His aforesaid orders entered on January 4, 1956 and January 17, 1956 were entered without any authority and they should be expunged from the record.
 
 
 17
 Respondent in his return herein admits that petition filed the notice of appeal and the other documents as steps in perfecting her appeal. He further admits that "he declined to certify the record and instead issued an order" that she "consent to the jurisdiction" of the district court.
 
 
 18
 Respondent had no right to impose any such condition in this connection.
 
 
 19
 Except as hereinbefore set forth, we express no opinion as to petitioner's right to maintain the present appeal, or as to the merits thereof.
 
 
 20
 In accordance with the views herein set forth, a writ of prohibition will issue forthwith from this court directed to the respondent commanding him to desist from any further proceedings against petitioner in case No. 2465-Civil, entitled Helen N. Fleming, et al. v. Lake Delton Development Company, et al., in the United States District Court for the Western District of Wisconsin, except as hereinafter provided, until the further order of this court; and, further, a writ of mandamus will issue forthwith directed to the respondent, commanding him to (a) expunge the orders entered by him on January 4, 1956 and January 17, 1956, in said case, (b) pass upon any motions addressed to him by petitioner and incidental to the perfection of her appeal and the filing in this court of the record thereon, and (c) direct the clerk of said district court, upon payment of his proper charges therefor, to authenticate said record when completed and forward it to petitioner for filing with the clerk of this court.
 
 
 21
 We reserve jurisdiction to pass upon any motion by petitioner for leave to file said authenticated record in the office of the clerk of this court.
 
 
 
 Notes:
 
 
 [1]
 Except a part thereof to be held to answer a garnishment proceeding against one of the plaintiffs
 
 
 [2]
 Wisconsin Statutes (1953), § 256.36
 
 
 [3]
 "A party may appeal from a judgment by filing with the district court a notice of appeal." Rule 73(a), Rules of Civil Procedure, 28 U.S.C.A
 
 
 [4]
 28 U.S.C.A., Rules 73, 75 and 76
 
 
 
 22
 FINNEGAN, Circuit Judge.
 
 
 23
 I concur only to the following extent shown by my separate opinion. The order granting Borgmeier leave to file her petition for mandamus also stayed the proceedings in Helen N. Fleming, et al. v. Lake Delton Development Company, No. 2465 "until the final disposition of this petition." Our purported retention of jurisdiction, even for limited purposes, injects another difficulty into this case for anyone determining when and if Borgmeier's petition is finally disposed of. If the stay is extended we ought to say so in unequivocal language. I think the relief granted under the form of a writ of prohibition collides with our simultaneous command to the trial judge under which he must now "pass upon any motions addressed to him by petitioner and incidental to the perfection of her appeal and the filing in this court of the record therein." I would only direct certification of the record and continue the stay of proceedings in No. 2465 until Borgmeier perfects her appeal and we dispose of it on the merits. This review could be expedited and dilatory tactics penalized. We need only remind the trial judge that he lost jurisdiction when the notice of appeal was filed, save as to the mechanical procedural matters he is now directed to perform.
 
 
 24
 I cannot join in an opinion or mandate forbidding this district judge to desist "from any further proceedings against (this) petitioner." Such a command subjugates the trial judge to the litigant.