420 P.2d 788

**Ernest L. BROOKSHIER and Laura Alice Brookshier, Plaintiffs,**

v.

**Paul W. HYATT, Judge of the District Court of the Tenth Judicial District of the State of Idaho, in and for the County of Idaho, Defendant.**

**No. 9833.**

Supreme Court of Idaho.

June 14, 1966.

William J. Dee and William B. Taylor, Jr., Grangeville, for plaintiffs.

Wayne C. MacGregor, Jr., Grangeville, for defendant.

SMITH, Justice.

Plaintiffs seek to prohibit defendant district judge from taking further action pending the determination of an appeal on the merits, in a habeas corpus proceeding concerning the custody of David Laurence Blankenship, a minor, defendant having denied a stay pending the appeal.

In the habeas corpus proceeding the minor's father, Gale Blankenship, is the petitioner and the child's maternal grandparents, Ernest L. Brookshier and Laura Alice Brookshier, are the defendants, and the plaintiffs herein.

At the conclusion of a hearing on the writ issued in the habeas corpus proceeding the trial court found to the effect that both the father and the maternal grandparents were in all respects fit and proper persons to have the child's custody and that their homes and environs were fit and suitable for the minor. The court then concluded that the interests and welfare of the child would be best served by awarding his custody to the father.

The trial court thereupon, on January 28, 1966, entered an order sustaining the writ of habeas corpus and ordered the child delivered to Gale Blankenship, the father, on or before 6:00 o'clock p. m. on February 4, 1966. On January 31, 1966, plaintiffs perfected their appeal from such order including the posting of a $300.00 cost bond, as required by I.C. § 13-203. The court issued a second order clarifying the original order and again ordered the child delivered to the father on or before the time specified in the original order regardless of the pending appeal, and denied a stay of the order pending the outcome of the appeal.

Plaintiffs then sought from this Court, in an original proceeding, a writ of prohibition, I.C. § 7-403, restraining the trial court from proceeding further in the child custody proceeding, pending the outcome of the appeal. On February 3, 1966, this Court issued the alternative writ of prohibition directing defendant to show cause why he should not be restrained from proceeding further in the child custody proceeding pending the determination of the appeal on the merits.

Defendant, in his answer to the alternative writ of prohibition, alleges that the or-

der in the child custody proceeding, sustaining the writ of habeas corpus and directing delivery of the child to its father, should not be stayed pending the appeal in that I.C. § 13–211[1] is not controlling. In the alternative defendant alleges that even if the order is not self-executing, a stay rests in the court's discretion, and that the court in the exercise of its discretion and in the best interest and welfare of the child, has refused to grant such a stay. I.R.C.P. 62(a) and 62(d).[2]

Plaintiffs on the other hand allege that defendant is without jurisdiction to enforce the order sustaining the writ of habeas corpus for the reason that an appeal from such order has been perfected to this court and is pending for determination upon the merits.

The issue which plaintiffs thus seek to present is whether the appeal stays the execution of the order in the child custody proceeding, pending determination of the appeal on the merits.

We deem it unnecessary to determine such issue in view of the provisions of Idaho Const., Art. 5, Sec. 9, which in part provides:

"* * * The Supreme Court shall also have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction."

Also in light of I.R.C.P. 62(f) which provides:

"Power of Supreme Court not limited.— The provisions in this rule [Rule 62] do not limit any power of the Supreme Court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

See also Boughton v. Price, 70 Idaho 243, 215 P.2d 286 (1950).

Under the circumstances shown herein and particularly in the light of the trial court's finding that both the child's father and grandparents are fit and proper persons to have the custody of the minor and that both of their homes are suitable for that purpose; and it thus appearing that the child's interests and welfare will not in anywise be prejudiced by his remaining in the custody of plaintiffs as grandparents, pending the appeal in the child custody proceeding, we are constrained to the view that the status quo should be preserved during the pendency of this appeal.

---

1. I.C. § 13–211 provides in part as follows: "Proceedings stayed by appeal.—In cases not provided for in sections 13–204, 13–205, 13–206 and 13–207, the perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section 13–203, stays proceedings in the court below upon the judgment or the order appealed from, * * * *"

I.C. § 13–203 provides that an appellant must furnish an undertaking on appeal in the sum of $300.00 conditioned that he will pay all damages and costs which may be awarded against him on an appeal or a dismissal thereof.

I.C. § 13–204 provides for the furnishing of supersedeas on appeal, if the appeal be from a judgment directing the payment of money.

I.C. § 13–205 relates to the stay of a judgment in replevin.

I.C. § 13–206 relates to a stay of a judgment for specific performance.

I.C. § 13–207 relates to a stay of proceedings or of a judgment in ejectment.

2. I.R.C.P. 62(a) as it relates to stay or proceedings to enforce a judgment or stay upon entry of a judgment in the district court, provides that execution may issue immediately upon entry of a judgment in the district court unless the court in its discretion and on conditions for security otherwise directs.

I.R.C.P. 62(d) provides when an appeal is taken from the district court to the Supreme Court, the appellant, at or after the time of filing the notice of appeal, may obtain a stay subject to the exceptions contained in subdivision I.R.C.P. 62(a).

The alternative writ of prohibition is made permanent pending the determination of the appeal on the merits in the habeas corpus child custody proceeding.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.