461 P.2d 107

COEUR D'ALENE TURF CLUB, INC., an
Idaho Corporation, Plaintiff,

v.

Darwin D. COGSWELL, Judge of the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai, Defendant.

No. 10451.

Supreme Court of Idaho.

July 22, 1969.

James Ingalls, Coeur d'Alene, for plaintiff.

Cox & Powell, Coeur d'Alene, for defendant.

Gary M. Haman, Coeur d'Alene, for Kootenai County Board of County Com'rs, amicus curiae.

DONALDSON, Justice.

Plaintiff, Coeur d'Alene Turf Club, Inc., petitioned this Court for a writ of review and stay of proceedings pending the resolution of an appeal from a judgment rendered by defendant Darwin D. Cogswell, Judge of the District Court of the First Judicial District, State of Idaho, in and for the County of Kootenai. An alternative writ of prohibition was issued commanding Judge Cogswell to desist and refrain from taking any action in the matter until further order from the Supreme Court, and ordering him to show cause why he should not be permanently restrained from any further proceedings pending outcome of the appeal on the merits.

In 1967, Kootenai County, acting through its Board of Commissioners, leased certain real property known as the Kootenai County Fairgrounds to the Coeur d'Alene Turf Club for the purpose of conducting horse racing thereon.

Thereafter, Joseph Hansen brought a class action on behalf of Kootenai County taxpayers against the County Board and the Turf Club concerning the lease. July 1, 1968, Judge Towles, of the First District Court in and for Kootenai County, entered judgment declaring the lease void.

The County Board and the Turf Club then entered into a new lease agreement dated July 18, 1968. Mr. Hansen thereupon filed a "supplemental" complaint praying that the new lease be held void and praying for other appropriate relief. A hearing was held, and on May 5, 1969, the defendant in this case Judge Darwin Cogswell filed judgment decreeing

"I.

"That the lease between the defendant County Commissioners and the defendant Turf Club dated July 18, 1968 providing for use of the Kootenai County Fair Grounds by defendant Turf Club for the purpose of conducting horse-racing is violative of Article 8 Section 4, and Article 12 Section 4, of the Constitution of the State of Idaho and is therefore null and void.

"II.

"This Court lacks jurisdiction to make a determination of whether there has been any violation of Chapter 19 of Title 54, Idaho Code, for the reason that any such violation is criminal in nature and such offenses must be defined and prosecuted by the sovereign authority of the State.

"III.

"That all other claims of the plaintiff against the defendants for damages and relief are hereby denied. * * *"

May 5, 1969, Mr. Hansen filed a petition for an order requiring the County Board and the Turf Club to show cause why the Turf Club should not vacate the premises. The order was duly issued and hearing thereon set for May 12, 1969.

May 5, 1969, the Turf Club filed a motion under I.R.C.P. Rule 59(e) to amend the judgment by deleting from it the following paragraph:

"This Court lacks jurisdiction to make a determination of whether there has been any violation of Chapter 19 of Title 54, Idaho Code, for the reason that any such violation is criminal in nature and such offenses must be defined and prosecuted by the sovereign authority of the State."

May 7, 1969, the Board of County Commissioners filed an almost identical motion to delete the same paragraph from the judgment. The Board also noticed that motion for hearing on May 12.

Thereafter, on May 9, 1969, the Turf Club perfected an appeal from that part of the judgment stating:

"That the lease between the defendant County Commissioners and the defendant Turf Club dated July 18, 1968 providing

for use of the Kootenai County Fair Grounds by defendant Turf Club for the purpose of conducting horseracing is violative of Article 8 Section 4, and Article 12 Section 4, of the Constitution of the State of Idaho and is therefore null and void."

By "perfected," we use the term in the same sense as it is used in the statute concerning proceedings automatically stayed by perfection of appeal. I.C. § 13–211. No supersedeas bond additional to the appeal bond, however, was posted. I.C. §§ 13–202, 13–203.

At 10:05 A.M. on May 12, 1969 the Board of County Commissioners filed an appeal from the same portion of judgment as the earlier appeal by the Turf Club.

On May 12, the exact time of which is not shown, a hearing was held on the motions to amend and on the show cause order.

On May 13, Judge Cogswell entered an order reciting that appeals had been taken by the defendant Turf Club and defendant Board of County Commissioners and that the court was without jurisdiction to consider motions to alter or amend the judgment but did have jurisdiction to enforce its original judgment. The order also commanded the Turf Club to vacate the premises within ten days and commanded the Board of County Commissioners to retake possession of the property within the same time period.

May 14, pursuant to I.R.C.P. Rules 62(a), (e), the Board of Commissioners moved in district court for a stay of execution of judgment pending appeal. The motion was noticed for hearing on May 19, 1969. The district court ordered the plaintiff Hansen to show cause on May 19 why an order should not be made staying execution. No further action, however, has been taken concerning the motion in district court for stay of execution because of the issuance of the alternative writ of prohibition by this court.

May 15, the Turf Club filed with this court a petition for writ of review and stay of proceedings. The Board of County Commissioners was not made a party to this action, but has appeared as Amicus Curiae.

May 19, the Supreme Court issued the alternative writ, stay of proceedings and show cause order.

May 21, the Turf Club filed an exception to the May 13th order of the district court on the ground that the district court exceeded its jurisdiction in so acting. On the same date, the Turf Club amended its notice of appeal to include in the matter appealed from the following portion of the May 13th order:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the petition of the plaintiff shall be and the same hereby is granted and the defendant Coeur d'Alene Turf Club, Inc., an Idaho Corporation, is hereby ordered to remove themselves from the Kootenai County Fairgrounds and to fully restore possession of said Kootenai County Fairgrounds to the defendant Kootenai County Commissioners on or before ten (10) days following the entry of this Order.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant Kootenai County Board of County Commissioners acting by and through Henry J. Meyer, Ralph W. Cope and Don Adams, shall, within said ten (10) days, retake possession of said property forthwith and hold the same for the use and benefit of the public as provided by law."

The Board filed a similar exception and amended notice of appeal on May 23.

A question has been raised, sua sponte, by a member of this court as to whether or not the appeals of May 9 and May 12 taken respectively by the Turf Club and by the Board of County Commissioners were from a "final" judgment. This problem apparently was recognized by none of the parties, since no reference was made to it by brief or by argument.

The issue, simply stated, is: did the pendency of the two I.R.C.P. Rule 59(e) mo-

tions to amend judgment make the May 9 and May 12 appeals premature.

I.R.C.P. Rule 59(e) states:

"Rule 59(e). *Motion to alter or amend a judgment.*—A motion to alter or amend the judgment shall be served not later than ten (10) days after entry of the judgment."

I.R.C.P. Rule 59(e) is identical to Fed. Rules Civ.Proc., rule 59(e), 28 U.S.C.

The time for taking an appeal is statutory in Idaho. I.C. § 13–201 states:

"An appeal may be taken to the Supreme Court from a district court.

1. From a final judgment in an action or special proceeding commenced in * a district court * * *; from a judgment rendered on an appeal from an inferior court; from a judgment rendered on an appeal from an order, decision or action of a board of county commissioners; within * sixty days after the entry of such judgment; *Provided, however, that the running of the time for appeal is terminated by* a timely motion for a new trial; a timely motion for a judgment notwithstanding the verdict, following a timely motion for a directed verdict; a timely motion to amend or make additional findings of fact, whether or not alteration of the judgment is required if the motion is granted, or *a timely motion to alter or amend the judgment, and the full time for appeal fixed by this act commences to run and is to be computed from the entry of any order granting or denying any of the above motions.*

2. From an order granting or refusing a new trial; from an order granting or denying a motion for a judgment notwithstanding the verdict; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from any special order made after final judgment; and from an interlocutory judgment in an action for partition of real property; within * sixty days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk. [C.C.P. 1881, § 642; R.S., § 4807; am. 1895, p. 142, § 1; reen. 1899, p. 273, § 1; reen. R.C., § 4807; am. 1911, ch. 111, p. 367; am. 1915, ch. 80, § 1, p. 193; reen. C.L., § 4807; C.S., § 7152; I.C.A., § 11–201; am. 1957, ch. 105, § 1, p. 183.]" (Emphasis supplied.)

Fed.Rules Civ.Proc., rule 73(a), 28 U.S.C. (abrogated Dec. 4, 1967, eff. July 1, 1968), though not statutory, was similar to I.C. § 13–201 and read in its final version:

"Rule 73. *Appeal to a Court of Appeals.*

(a) How and When Taken. An appeal permitted by law from a district court to a court of appeals shall be taken by filing a notice of appeal with the district court within 30 days from the entry of the judgment appealed from, except that: (1) in any action in which the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days from such entry; (2) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed; (3) if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise herein prescribed, whichever period last expires; (4) an appeal by permission of a court of appeals obtained under Title 28, U.S.C., § 1292(b) shall be taken in accordance with the rules of the court of appeals. *The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of*

*the following orders made upon a timely motion under such rules:* granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or *granting or denying a motion under Rule 59 to alter or amend the judgment*; or denying a motion for a new trial under Rule 59.

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. If an appeal has not been docketed, the parties, with the approval of the district court, may dismiss the appeal by stipulation, filed in that court, or that court may dismiss the appeal upon motion and notice by the appellant." (Emphasis supplied.)

F.R.A.P. Rule 4(a), 28 U.S.C., also not statutory, is similar to I.C. § 13–201:

"*Appeals in Civil Cases.* In a civil case (including a civil action which involves an admiralty or maritime claim and a proceeding in bankruptcy or a controversy arising therein) in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.

*The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules:* (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) *granting or denying a motion under Rule 59 to alter or amend the judgment*; (4) denying a motion for a new trial under Rule 59. A judgment or order is entered within the meaning of this subdivision when it is entered in the civil docket.

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate." (Emphasis supplied.)

In Federal jurisdictions, it appears to be the rule that an appeal taken during the pendency of a timely motion, brought under rules 50(b), 52(b), or 59, is premature. The reason given for this holding is that the finality of the judgment temporarily is destroyed by making such a motion. The Federal Courts have not always been uniform in declaring the effect of this specie of "premature" appeal, but often it has been treated as a nullity. See, generally, 3A Barron & Holtzoff, Federal Practice and Procedure (1958) § 1553; 7 Moore's Federal Practice (2d ed.) ¶ 73.09[4] [6] (now found in Vol. 9, civil appendix, at the paragraph cited); 9 Moore's Federal

Practice (2d ed.) ¶¶ 204.02[2], 204.12, 204.-14.

On the other hand, this court has specifically stated in an unanimous opinion that it has not adopted any Federal rules governing appeals. Dolbeer v. Harten, 91 Idaho 141, 417 P.2d 407 (1967). While federal cases may be of some benefit in reaching a resolution of the issues before us, they are by no means binding authority.

Confining this opinion to the particular facts before us, it is our view that the pendency of the motions to amend judgment, which motions were directed to a singularly gratuitous portion of the judgment having no effect on the rights and liabilities of the parties, did not in any way deprive those same movants of the right to take their appeals of May 9 and 12 from another portion of the judgment. The portion of the judgment from which the appeals were taken was final, and the May 9 and May 12 appeals were not premature. See Scott-Whitaker Co. v. Joyce Properties, Inc., 155 So.2d 661 (Dist.Ct.App., Fla. 1963); Frank v. Pioneer Metals, Inc., 114 So.2d 329 (Fla.App. 1959); Holsinger v. City of Fresno, 246 F.2d 263 (9th Cir. 1957).

To reiterate, when:

1. A motion to amend judgment is made in the trial court, *and;*

2. It is patent on the face of the motion that the lower court's ruling thereon could not possibly change the rights and liabilities of the parties under the judgment, *and;*

3. During the pendency of the motion to amend judgment, that *same* party appeals from a particular part of the judgment, *and;*

4. The portion of the judgment appealed from has absolutely no connection with the portion sought to be amended; then the appeal will be considered as from a final judgment and not premature. As to any other factual situation, where an appeal is taken during the pendency of a timely-filed motion mentioned in I.C. § 13-201, we expressly reserve decision on the question of prematurity until the issue is properly brought before this court.

■ The next issue is whether the mere filing of an appeal by the Turf Club, without a supersedeas bond, stayed further proceedings against the Turf Club in the district court. Whether a stay results automatically from the mere perfection of appeal or whether a supersedeas bond is required depends upon the nature of the judgment from which the appeal is taken. I.C. § 13-211 provides:

"In cases not provided for in sections 13-204 [money judgment], 13-205 [judgment in replevin], 13-206 [judgment in specific performance] and 13-207 [judgment in ejectment], the perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section 13-203, stays proceedings in the court below upon the judgment or the order appealed from * * *."

■ The judgment appealed from on May 9 merely declared the invalidity of the lease. It was not one of those judgments or orders listed in I.C. §§ 13-204-13-207. Under the terms of I.C. § 13-211, the filing of notice of appeal and undertaking on appeal automatically stayed proceedings on May 9 insofar as they related to the Turf Club, and no supersedeas bond was required. Of course, had the May 13 order in ejectment been filed prior to perfection of appeal, then a supersedeas bond would have been required to stay proceedings. I. C. § 13-207. Such, however, was not the case.

■ Once the proceedings are stayed by appeal, the district court ordinarily is divested of jurisdiction to act in any manner (with relation to the rights and liabilities of an appellant) except to act in aid of and not inconsistent with the appeal. See Dolbeer v. Harten, *supra;* Richardson v. Bohney, 18 Idaho 328, 109 P. 727 (1910); 4 Am.Jur.2d, Appeal and Error § 352.

The action taken by the defendant district judge was not in aid of appeal, but was inconsistent with the appeal.

■ ■■■■ The Supreme Court has jurisdiction to issue extraordinary writs in aid of its appellate jurisdiction. Idaho Const., art. 5, § 9; I.R.C.P. Rule 62(f); Brookshier v. Hyatt, 91 Idaho 305, 420 P.2d 788 (1966). A writ of prohibition is available to arrest the proceedings of· any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person. I.C. § 7-401. The writ may issue when there is not a plain, speedy and adequate remedy in the ordinary course of law. I.C. § 7-402. Appeal is a plain, speedy and adequate remedy at law, in the absence of a showing of exceptional circumstances or of the inadequacy of an appeal to protect existing rights. Smith v. Young, 71 Idaho 31, 225 P.2d 466 (1950); accord, Clearwater Timber Protective Association v. District Court of Second Judicial Dist., In and For Clearwater County, 84 Idaho 129, 369 P.2d 571 (1962). The order of ejectment is an appealable order. I.C. § 13-201. The facts before us, however, indicate that appeal is not sufficiently speedy and adequate to protect the Turf Club under the circumstances of this case. If, the order of ejectment is permitted to operate .pending appeal,· the plaintiff will be unable to conduct its business during the racing season. It has expended large sums. of money in reliance of the profits to be gained in.the business. The moneys expended· cannot be recovered. The operation of the racecourse apparently does not interfere with the usual use of the property. The property has not been wasted, but rather enhanced, by the acts of the Turf Club. Once the time of the racing season has passed, it has passed forever, and the opportunity for conducting the races during 1969 cannot be revived. It might well be that appeal from the order of ejectment and filing of a supersedeas bond would delay the effect of the order of ejectment, particularly in view of I.R.C.P. Rules 62(d), (f) which give the Supreme Court the right on appeal to grant a stay of proceedings to enforce a judgment. However, .if the district court had not acted in excess of its jurisdiction in the first instance there would have been no need of further action. Furthermore, in the interest of saving time and effort of all of the parties concerned. and bringing an end to additional litigation and controversy, this court will issue the writ since this court is constitutionally authorized to issue any writ necessary or proper to the complete exercise of its appellate jurisdiction. Idaho Const., art. 5, § 9; I.R.C.P. Rule 62(f); Brookshier v. Hyatt, *supra*.

There is also adequate security to protect the plaintiff in the original suit if he is successful on appeal since the petitioner has placed over $100,000.00 worth of improvements on the Fairgrounds out of which. it is willing to reimburse the county for any damage sustained in the event it loses its appeal.

For these reasons, the alternative writ of prohibition will be made permanent pending determination of the appeal on its merits. See also Ruby v. Secretary of United States Navy, 365 F.2d 385 (9th Cir. 1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); Borgmeier v. Stone, 233 F.2d 818 (7th Cir. 1956).

Concerning that part of the order of ejectment relating to the duty of the Board of County Commissioners, exactly the same reasoning applies. Furthermore, to require the Board to retake possession of the property, in accordance with the order of ejectment, would adversely affect the existing rights of the Turf Club just as severely as would permitting the order of ejectment to act directly against the Turf Club. In exercise of and in protection of the Supreme Court's appellate jurisdiction, the operation of the order as it affects the Board of County Commissioners also is stayed. Idaho Const., art. 5, § 9; I.R.C.P. Rule 62(f); Brookshier v. Hyatt, *supra*. No security is required from the Board. I.R.C.P. Rule 62(e).

So that the status quo be preserved during the pendency of the appeal, it is ordered that all proceedings in Kootenai County Case No. 22904 be and are stayed,

and that the District Court of the First Judicial District, State of Idaho, in and for Kootenai County, and Darwin D. Cogwell, one of the judges thereof, desist and refrain from any further proceedings in the said action, or in enforcing the order of May 13, 1969, except for such proceedings as may be in furtherance of the appeal or appeals therefrom, until such time as this Court may render a decision on the merits thereof, or until such time as this Court may order otherwise.

No costs allowed.

McFADDEN, C. J., and SPEAR, J., concur.

McQUADE, Justice (dissenting).

Before discussing the reasons why I believe the majority to be in error, I would like to dispose of the question of whether the issue of the finality of the judgment appealed from in this case is properly before this Court. The reference to the question of finality being raised "sua sponte" in the majority opinion at least implies that the issue is not properly before us.

Although it is at least arguable that respondents addressed themselves to the issue on oral argument ("We submit that the plaintiffs in this action have * * * sought the simultaneous jurisdiction of the Supreme Court and the District Court of the State of Idaho to their own benefit * * *."), that is of no matter. The finality of a judgment sought to be appealed to us is a prerequisite of our jurisdiction. State ex rel. State Board of Medicine v. Smith, 80 Idaho 267, 269, 328 P.2d 581 (1958); Evans State Bank v. Skeen, 30 Idaho 703, 704, 167 P. 1165 (1917); *accord* Studer v. Moore, 153 F.2d 902 (2nd Cir. 1946). And, because it is jurisdictional, it not only may be, but *must* be raised and determined by this Court before any further action on the purported appeal can be taken by us. Studer v. Moore, *supra*; McEwen v. McEwen, 203 Or. 460, 280 P.2d 402, 407 (1955); Sheridan County Electric Co-op v. Anhalt, 127 Mont. 71, 257 P.2d

889, 891 (1953); Pulliam v. Pulliam, 163 Kan. 497, 183 P.2d 220 1 A.L.R.2d 418 (1947). We can not be relieved of this duty by any failure, waiver, or agreement of the parties; we must determine whether or not we have jurisdiction, even when the parties do not expressly question it. McEwen v. McEwen, *supra*; Sheridan County Electric Co-op v. Anhalt, *supra*; 4 Am. Jur.2d, Appeal and Error § 10; 4 C.J.S. Appeal and Error §§ 43, 45.

The judgment from which petitioners attempted to appeal on May 9, was not final, because of the intervention of the motions which they filed on May 5, and May 7. We must hold that those motions destroyed the finality of the judgment filed by Judge Cogswell on May 5, 1969.

The rule in this state, as enacted by the legislature and regularly restated by this Court, is that, with a very few discreet exceptions, in order for a judgment or order to be appealable it must be final. I.C. § 13–201; *e.g.* State ex rel. State Board of Medicine v. Smith, *supra*; Hunter v. Merger Mines Corp., 66 Idaho 438, 160 P.2d 455 (1945). Despite statements such as that in Dolbeer v. Harten, 91 Idaho 141 at 148, 417 P.2d 407 (1966), it is not true that the legislature has sole and final authority to determine this Court's appellate jurisdiction. The separation of powers clause of our constitution precludes that result.

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals * * * so far as the same may be done without conflict with this Constitution." Idaho Const. art. 5 § 13. Jones v. Jones, 91 Idaho 578, 582, 428 P.2d 497 (1967) (Taylor, C. J., concurring); State ex rel. State Board of Medicine v. Smith, *supra*, at 268–269, 328 P.2d 581.

The rule that judgments and orders must be final before they may be appealed to this Court is not, however, an unconstitutional restriction on our jurisdiction.

"It is a recognition by the legislature of a truism inherent in a proper system of appeals; namely, to permit an appeal from all intermediate orders and decisions of the district courts would result in such vexatious and intolerable confusion and delay as to render impossible an orderly and expeditious administration of justice by the courts of the state. Evans State Bank v. Skeen, 30 Idaho 703, 167 P. 1165 [1917]." State ex rel. State Board of Medicine v. Smith, *supra*, at 269, 328 P.2d at 581.

There are several purposes served by an adherence to the rule that judgments must be final before an appellate court may take cognizance of them. They include the avoidance of harassing and costly delays in the prosecution of just claims, the establishment of clear, certain, and stable boundaries of jurisdiction between courts so that parties and the public may, without confusion, know which court has the *power* to act on a cause, and the determination of as many issues of fact and law as completely and as economically as possible in the trial court. State ex rel. State Board of Medicine v. Smith, *supra*; Evans State Bank v. Skeen, *supra*; Utah Assn. of Credit Men v. Budge, 16 Idaho 751, 757–758, 102 P. 691 (1909); Hill v. Hawes, 320 U.S. 520, 524–525, 64 S.Ct. 334, 88 L.Ed. 283 (1944) (Stone, C. J., dissenting); Cobbledick v. United States, 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940) (Frankfurter, J.). This Court, in service of these goals of avoiding protracted litigation and of maintaining the power and responsibility of the trial court to settle the entire case, has repeatedly affirmed our inability to review, on appeal, cases in which something remains "to be done in the adjudication of substantial rights * * * by the court entertaining jurisdiction." Evans State Bank v. Skeen, *supra*, at 705, 167 P. at 1166; *accord, e.g.,* Gerry v. Johnston, 85 Idaho 226, 378 P.2d 198 (1963) (judgment defective as to finality because "subject to revision"); Hunter v. Merger Mines Corp., *supra*. These same considerations apply to the case before us.

If this case were to occur in a federal jurisdiction it is clear that the appeal of May 9, 1969 would be premature, because the Rule 59(e) motions of petitioners would have destroyed the finality of the judgment of May 5, 1969 before the appeal was filed. See Fed.R.Civ.P. 59(e), 73(a). Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714 (1943); Turner v. HMH Publishing Co., 328 F.2d 136 (5th Cir. 1964); Reconstruction Finance Corp. v. Mouat, 184 F.2d 44, 48 (9th Cir. 1950); Healy v. Pennsylvania R. Co., 181 F.2d 934 (3rd Cir. 1950).

There are two bases for this federal rule. The first was the language of Rule 73(a), set out in the majority opinion, which provided that the running of the time for appeal was terminated by the timely filing of any one of several post-trial motions. A Rule 59(e) motion was one of these. This language was based on two United States Supreme Court decisions, Leishman v. Associated Electric Co., *supra,* and United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160 (1944). These cases distinguished motions which would toll the time for appealing from those which would not according to whether or not they were addressed to questions of substance or mere matters of form. 318 U.S. 203, 205, 63 S. Ct. 543, 87 L.Ed. 714; 323 U.S. 173, 177, 65 S.Ct. 254, 89 L.Ed. 160. When the language of Rule 73 was adopted, however, this distinction was wisely dropped, because the time for making the motions after judgment is only ten days long and the distinction between substance and form was felt to be too uncertain and promotive of confusion and litigation to be useful. 9 Moore's Federal Practice, Appeals to Court of Appeals ¶¶ 72.03[4], 73.09[4] (2nd ed., J. Moore and B. Ward, 1969).

The second basis for the rule appears to be the same purpose which animates the final judgment rule. That is to avoid protracted and confused litigation by maintaining jurisdiction in the trial court to wind up as much of the cause as is possible, including the correction of the trial

court's own error. *See* Stevens v. Turner, 222 F.2d 352 (7th Cir. 1955); *cf.* Turner v. HMH Publishing Co., *supra*; Foman v. Davis, 292 F.2d 85, 87 (1st Cir. 1961) (reversed on other grounds 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 [1962]).

This Court should at least follow the federal rule in these cases. That is that we should at least hold today that the filing of Rule 59(e) motions *should render the appeal which petitioners filed on May 9, 1969, premature because they destroyed the judgment's finality.* Both bases of the federal rule are available to support such a holding.

It is true that when we adopted the federal rules as our own we "reserved" adoption of Rules 73(a) through 76, and that we are, thus in no way bound by federal decisions interpreting those rules. A comparison of the language in Rule 73(a) with that in our I.C. § 13–201, however, would lead one to suppose that the legislature did not reserve adoption of Rule 73(a), but, as is proper under our Constitution, art. 5 § 13, enacted substantially all of federal Rule 73(a) into law. A comparison of the dates of our adoption of the rules and the passage of the relevant amendment to § 13–201 reinforces that supposition. 1957 Idaho Session Laws, chapter 105; Idaho Code Idaho R.Civ.P., *Publisher's Note*, iii (1958). In any event, Rule 73(a) and § 13–201(1) are substantially the same in pertinent part. I.C. § 13–201(1) does not distinguish Rule 59(e) motions on the basis of "merely formal" versus "substantial" or "gratuitous" versus "nongratuitous" subject-matter. The reasons for not making such distinctions which were felt to be important in the federal system ought to be as important to us, and the reasons which support the federal rule in these matters ought to support a similar rule for us.

Prior to the adoption of the Idaho Rules of Civil Procedure in 1958 there were two lines of cases which served the general purpose of avoiding protracted litigation by allowing the lower courts to close up actions and to correct their own errors without recourse to this Court. The first we

have already examined; it embraces the cases announcing the final judgment rule. The other line of decisions includes those which affirm a jurisdiction in the trial court to correct errors negligently made, or which are merely clerical to vacate judgments which are void, and to entertain motions for a new trial. A distinction is drawn in these opinions between the cases involving relief from mere mistakes and those containing errors of law, not involving the validity of the judgment. The former, lesser sorts of error could be corrected at any reasonable time at the discretion of the court, the latter could be corrected only by appeal or on a timely motion for a new trial. *E.g.,* Baldwin v. Anderson, 50 Idaho 606, 299 P. 341 (1931); Fall River Irr. Co. v. Swendsen, 41 Idaho 686, 241 P. 1021 (1925); Wyllie v. Kent, 28 Idaho 16, 152 P. 194 (1915). (*See also* Baldwin v. Anderson, 51 Idaho 614, 8 P.2d 461 (1932); and Occidental Life Ins. Co. v. Niendorf, 55 Idaho 521, 44 P.2d 1099 (1935) on the inherent power of the court to vacate void judgments at any time). This distinction is still made under our rules of civil procedure. Compare Idaho R.Civ.P. Rule 59, with Rule 60.

A motion for new trial, if timely made, and an appeal are two different remedies, and, therefore, an appeal will not cut off the trial court's jurisdiction to entertain a motion for a new trial. Angleton v. Angleton, 84 Idaho 184, 199, 370 P.2d 788 (1962); *cf.* Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964); Gerry v. Johnston, *supra.* All of these rules are designed to allow trial courts, even after judgment, to correct their own errors. A new trial motion may, thus, produce the same desirable result, with greater simplicity and less cost, as would an appeal. The principal difference which the codification of the law of these cases in our Rules 59 and 60 makes is that Rule 59 now permits errors to be corrected even more efficiently on a Rule 59(e) motion to alter or amend a judgment, thereby obviating the necessity of an appeal *and* a new trial. I would, following these cases, apply the rule which we have

long had and reaffirmed with respect to new trial motions, Angleton v. Angleton, *supra,* to all Rule 59 motions including those under 59(e) in this case and to the other remedial post trial motions specified in I.C. § 13–201. I would, therefore permit litigants to make any of the motions specified in I.C. § 13–201 during the period in which they are timely (10 days if under Rule 59), whether or not an appeal has been filed. Such a rule seems to be compelled by the explicit language of I.C. § 13–201:

"* * * [T]he running of the time for appeal is *terminated* by a timely motion for a new trial; a timely motion for a judgment notwithstanding the verdict, following a timely motion for a directed verdict; a timely motion to amend or make additional findings of fact, *whether or not alteration of the judgment is required if the motion is granted,* or a timely motion to alter or amend the judgment * * *," (emphasis added)

and by the explicit language of Rule 59 which makes no provision for denying a party's right to make such a motion if an appeal might be filed.

If we adopt such a rule we will best serve the interests involved in "finalizing," in finishing up, litigation before an appeal is perfected to this Court. Such would preclude the race to file motions and/or appeals which may be inspired by the majority's opinion in this case and the decision in Dolbeer v. Harten, *supra,* which I would overrule. And the rule which is here proposed is most in harmony with this Court's previous treatment of remedial motions, especially new trial motions under Idaho R.Civ.P., Rule 59(a).

*Dolbeer* is something of an anomoly in our jurisprudence; it is not in harmony with our general policy guarding the trial court's inherent power to correct his own errors. I believe that the potentiality of a race which lies in the *Dolbeer* rule is too undesirable to stand in the face of the language of the statute.

But, even if we are unwilling to operate within our modern civil procedure and our statutes, we need not deny them as the majority would have us do today. *Dolbeer* does not compel such a step. I.C. § 13–201(1)'s language does not either. The authority which the majority cites in support of their decision, two *per curiam* intermediate court decisions in Florida and one *per curiam* federal decision is not so compelling. Indeed the Florida rule appears to be that parties who both appeal and make motions of the sort specified in I.C. § 13–201(1) are not barred from their appeal by the final judgment rule, while persons who appeal while others have made such motions are. Scott-Whitaker Co. v. Joyce Properties, Inc., 155 So.2d 661 (Dist.Ct.App., Fla. 1963). This discontinuity is achieved by deeming the appellant in the first instance to have "waived" his motions, State ex rel. Owens v. Pearson, Fla. 156 So.2d 4 (1963).

Nor are the parties in this case in a posture which would appeal to our sense of equity or which would lend itself to the fashioning of an exception to the more normal, federal rule of finality. The plaintiff in the action on the merits has not attempted to deprive the petitioners of their right to appeal by stalling with spurious Rule 59(e) motions. It is, rather, the petitioners who would enjoy the jurisdiction of both courts at once. Nor is it entirely clear that the 59(e) motion which petitioners made was to amend so "gratuitous" a part of the judgment as to be severable. For one thing, motions can be amended, and, for another, the part of the judgment sought to be amended was on an issue important enough to the plaintiffs below that they raised it in their complaint and important enough to petitioners that they sought its deletion. Nor was the procedure of Idaho R.Civ.P. Rule 54(b) resorted to by petitioners and there has not been an express determination by the trial court which that rule requires in order to suspend the final judgment rule.

This case is also not one which would be suitable for application of an exception to the final judgment rule designed to avoid potential irreparable injury to the appellants. *See* Forgay et al. v. Conrad, 6 How. (47 U.S.) 201, 12 L.Ed. 404 (1848); Craighead v. Wilson, 18 How. (59 U.S.) 199, 201, 15 L.Ed. 332, 333 (1856); 6 Moore's Federal Practice ¶ 54.13 (2nd ed. 1966). While petitioners claim that they are threatened with irreparable injury, the only "harm" of which they complain is one which follows from the operation of a statute. They apparently fear that, unless this Court permits their premature appeal, they will be forced by I.C. § 13–207 to post a bond or vacate the premises which the court below declared them to be occupying unlawfully. But this "hardship" which they fear is one which was designed by the legislature to protect litigants in actions for possession of real property. This Court ought not to fashion new rules of jurisdiction on equitable grounds in order to aid parties to avoid duties which are imposed by law. See Catlin v. United States, 324 U.S. 229, 236–243, 65 S.Ct. 631, 89 L. Ed. 911 (1945); *see also* Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

We should dismiss petitioner's appeal of May 9, 1969, as premature, because the motions of May 5, and May 7, under I.C. § 13–201(1), should have terminated the time for taking appeals from, *and* destroyed the finality of, the judgment of May 5, 1969. This Court should overrule *Dolbeer* and, in order that trial courts may correct all errors before appeal and in the interests of economy and good order in litigation, declare the rule that any of the I.C. § 13–201(1) motions, if timely filed within ten days, will suspend the finality of the judgment. This Court should at least follow the federal rule and hold that I.C. § 13–201(1) motions which are timely filed *before* a party files a notice of appeal will suspend the finality of the judgment or order previously entered in the case. These rules will serve to advance the interests of complete adjudication on the trial level,

economy of litigation on the appellate level, and clear delineation of the boundary between the two jurisdictions. These are the interests normally served by a sound final judgment rule.

The judgment of May 5, 1969 is one which is covered by I.C. § 13–207, and, therefore, it may not be suspended from execution by an appeal unless the bond requirements of that section are met. I.C. § 13–207 reads in pertinent part as follows:

"*Stay of proceedings—Judgment in ejectment.*—If the judgment or order appealed from direct the sale or delivery of possession of real property the execution of the same can not be stayed unless a written undertaking be executed on the part of the appellant with two or more sureties, to the effect that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. * * *

"[C.C.P. 1881, § 647; R.S., R.C., & C.L., § 4812; C.S. § 7158; I.C.A. § 11–207.]"

It should be noted that this section dates back to 1881, nearly nine-tenths of a century.

The judgment of May 5, was, as the plaintiffs below asked in their complaint, paragraph XII, 1, in the form of a declaration. The declaratory judgment chapter of Title 10 of the Idaho Code substantially post-dates I.C. § 13–207. 1933 Session Laws of Idaho, chapter 70, §§ 1–15, p. 113. The concept of a declaratory judgment was not current at the time I.C. § 13–207 was drafted, and its language, therefore, more clearly applies to the traditional judgments in actions involving real property. But in terms of consequence, a declar-

atory judgment binds the parties as firmly as did more regular actions at law. *See* Sweeney v. American National Bank et al., 62 Idaho 544, 115 P.2d 109 (1941); *cf.* Petition of Kariher, 284 Pa. 455, 131 A. 265 (1925); Sloan v. Longcope, 288 Pa. 196, 135 A. 717 (1927); *see also* Restatement, Judgments § 77; Borchard, Declaratory Judgments 439–441 (2nd ed. 1941). Relief on a show cause order under I.C. § 10–1208 is not, therefore a new action, but merely an execution to give effect to the judgment which settled all of the rights of the parties, and, therefore, delineated their future lawful conduct. Great Northern Ry. Co. v. Mustad, 76 N.D. 84, 33 N.W.2d 436 (1948). In fact, under our cases, it might be error for a court not to give affirmative relief where it was necessary to make the declaratory judgment effective. Sweeney v. American National Bank, *supra; accord* Mayor, Councilmen, Etc. v. Dealers Transport Co., 343 S.W.2d 40 (Missouri, 1961). And I.C. § 13–207 is not, excepting for its title in the Idaho Code, limited by its terms to the classical "judgment in ejectment."

We must, therefore, construe I.C. § 13–207 in terms of its purpose, *see generally* H. M. Hart & A. Sacks, The Legal Process, Basic Problems in the Making and Application of Law 1393–1417 (tent. ed. 1958), and include declaratory judgments within its purview.

The sort of construction which is urged, that is one cognizant of the age of the section's language and sympathetic with its purpose to protect winning plaintiffs from winning the battle but losing the *res*, was held to be a correct interpretation in Berding v. Varian, 34 Idaho 587, 202 P. 567 (1921). This Court said in that case:

"The judgment as entered was final, but it did not in terms direct the delivery of possession of real property. The right to recovery of possession, however, follows as an incident to the judgment to the same extent as if expressly contained therein. * * * The only thing to be done in execution of the judgment is the placing of Berding in possession of the premises. In other respects the judgment is self-executing.

\* \* \* \* \* \*

"If appellants desired to stay the execution of this judgment, it was their duty to give an undertaking for that purpose in conformity with C.S., § 7158 [I.C. § 13–207]. No such undertaking having been given, the respondent is entitled to the possession of the property pending the appeal." 34 Idaho 587, at 593–594, 202 P. at 569 (1921).

I cannot imagine a case which more precisely fits that language than this declaratory judgment, if it is actually final. Under our cases, if it is a final judgment from which an appeal may be taken, all the questions of substantial rights—here, rights to possession—of the parties must have been determined, and all that remains is "the mere ministerial execution of such judgment," the power to supervise which may be reserved in the trial court. Lamberton v. McCarthy, 30 Idaho 707, 713, 168 P. 11 (1917); *accord* Doolittle v. Morley, 76 Idaho 138, 278 P.2d 998 (1955). And it seems to have been the opinion of both sides below that the declaratory judgment did determine all rights to possession. The petitioners, even after judgment and in response to the order to show cause continued to claim a possessory right only under the lease declared a nullity by the judgment. They claimed no other right. Affidavit of Donald MacDonald, an officer of Coeur d'Alene Turf Club, Inc., at 1 and 3 (May 8, 1969). Following Berding v. Varian, *supra*, therefore, I would, if the declaration of May 5 is held to be a final and appealable judgment and the appeal of May 9 is thereby proper, still hold that petitioners had to comply with the requirements of I.C. § 13–207 if they were to stay the enforcement of the rights declared by the judgment. Because they did not Judge Cogswell was properly within his jurisdiction when he ordered the Turf Club out of possession, and the County into possession of the fairgrounds on May 13, 1969.

For the foregoing reasons, I believe that the alternative writ was improvidently granted on May 19, and that we, in our rush to move to the merits of this troublesome case, compound that error by making the writ permanent today.

SCOGGIN, D. J., concurs in the dissent.