531 P.2d 235

**Leland Everett PHILLIPS and Margie Louise Phillips, husband and wife, Petitioners,**

v.

**Edward J. LODGE, Judge of the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon, Respondent.**

No. 11730.

Supreme Court of Idaho.

Jan. 24, 1975.

C. H. Higer, Higer & McClendon, Emmett, for petitioner.

C. Robert Yost, Canyon County, Pros. Atty. Caldwell, for respondent.

PER CURIAM:

This is an original proceeding in which this court issued an alternative writ of prohibition requiring the respondent district judge to show cause why a judgment of that court should not be stayed during the pendency of appeal. The judgment resulted from a habeas corpus proceeding concerning the custody of a minor child. The alternative writ is made permanent.

The mother of the minor child, the real party in interest herein, petitioned for habeas corpus in the district court to regain custody of her child who had been residing with its paternal grandparents since September 16, 1971. The grandparents live in Idaho, while the mother lives in Oregon. The mother obtained a default divorce in Oregon which decree awarded her custody of the child. The grandparents were not parties to that decree.

On August 15, 1974 respondent district judge granted the mother's habeas corpus petition and ordered the child returned to the mother but also ordered that there be a transitional period permitting the child to be gradually reacquainted with its mother. A portion of that order provided the child should visit with her mother in the State of Oregon for one week each month. Thereafter the defendants (petitioners herein) perfected an appeal and moved for a stay of execution of the judgment in habeas corpus. The district court entered an order staying the provisions of its order relating to custody but refused to stay that part of the order relating to visitation. Thereupon this action resulted.

This matter is controlled by Brookshier v. Hyatt, 91 Idaho 305, 420 P.2d 788

(1966). We note that here the trial court found as a fact that the grandparents were fit and proper persons to have temporary custody of the child and commented that they had done an admirable job in caring for the child. In this case the child has lived with the grandparents in excess of three years. This court has previously issued its order in this case expressly granting visitation rights to the mother during the pendency of the appeal to the extent that such are exercised within the State of Idaho. We find no compelling reason to alter the now existing status quo of the parties during the pendency of the appeal.

We emphasize that this case involves the right of a natural mother to custody of her child and hence this court will not indefinitely maintain the status quo nor tolerate delay in the perfection and completion of the appeal upon the merits. In the event of inordinate delay resulting from action or inaction on the part of the parties, counsel, or any official of the courts, appropriate orders will issue.

The alternative writ is hereby made permanent pending the determination of the appeal on the merits. No costs allowed.